**STATE of Missouri, Respondent,**

v.

**Thomas KAYSER, Appellant.**

No. 46899.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 1, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 1984.

Application to Transfer Denied
July 17, 1984.

Steven Goldman, Asst. Pros. Atty., Clayton, for respondent.

Robert Hampe, St. Louis, for appellant.

SIMON, Judge.

Thomas Kayser (defendant) appeals from his conviction in the Circuit Court of St. Louis County on two counts of robbery in the first degree. He received sentences of life imprisonment and thirty years to be served consecutively.

On appeal, defendant contends the trial court erred in failing: (1) to sustain his motion for a mistrial filed after the prosecution impeached his alibi witness by introducing evidence of a conviction pending appeal in that it is not a final conviction for purposes of impeachment, § 491.050 RSMo Supp. (1982); (2) to sustain his motion in limine regarding exhibits seized from his automobile in that said exhibits were irrelevant and immaterial and their probative value was substantially outweighed by the prejudicial effect on the jury. We affirm.

A brief rendition of the factual setting viewed in a light most favorable to the jury verdict is set forth. *State v. Stapleton,* 518 S.W.2d 292, 296 (Mo. banc 1975). At

approximately 5:30 p.m., two men, identifying themselves as police officers, knocked on the front door of a residence. The twenty year old son of the family residing in the house answered the knock. The shorter of the pair pulled out a pistol and the son attempted to shut the door. When he could not close it, he ran into the family room and the two men followed. They ordered the family members (parents, son, and two young daughters) to the floor where the men proceeded to handcuff them and tie their ankles with electric tape. The men asked for the location of any jewelry, ransacked the home, and fled taking an estimated $150,000 in jewelry and a 6-inch Colt revolver. One of the daughters was able to slip out of the handcuffs and call police. The father and son each gave nearly identical physical descriptions of the men when questioned separately by police. Each indicated that both men carried a gun (type not identified) and one of the men carried a radio receiver that received police calls. Five days later, the father and son, separately, identified defendant from a photographic display given by the police, as one of the men involved in the robbery. Kayser, a 42 year old used car salesman, was subsequently arrested. Pursuant to the arrest and search, the police confiscated 2 jeweler's loupes, a paper containing police radio frequencies, and a .380 automatic shell from defendant's car. The father and son were called to the police station that same day and each, outside the presence of the other, identified Kayser as one of the men who robbed their home. Kayser was charged with robbery in the first degree. In a motion in limine, he requested suppression of the four pieces of evidence which he alleged lacked relevance. The motion was denied. During trial, when the prosecution sought introduction of the exhibits, defendant's attorney raised no objection to the jeweler's loupes and stated verbally "no objection" to the admission of the paper containing police radio frequencies. The defendant's only objection on the relevancy grounds was to the .380 automatic shell, which was overruled. During cross examination of defendant's alibi witness, the trial court permitted the prosecution to impeach the witness by evidence of a conviction which was pending appeal. The defendant objected by stating, for purposes of impeachment, a conviction pending appeal is not final. The objection was overruled. The jury found defendant guilty of the two counts of robbery in the first degree.

In his first point on appeal, Kayser contends the trial court should not have permitted the impeachment of his alibi witness by a conviction which was pending appeal because the conviction was not final; that this improper impeachment prejudiced his right to a fair trial.

■ The applicable statute pertaining to the scope of impeachment, § 491.050 RSMo Supp. (1982),[1] provides in part that:

[H]owever, any prior criminal convictions may be proved to affect his credibility in a civil or criminal case, and, further, any prior pleas of guilty, pleas of nolo contendere, and *findings* of *guilty*, may be proved to affect his credibility in a criminal case.

The defendant relies on *State v. Blevins*, 425 S.W.2d 155 (Mo.1968). However, *Blevins* was rendered prior to the 1981 amendment of § 491.050. The interpretation of the amendment is provided in *State v. Jackson*, 651 S.W.2d 547 (Mo.App.1983), in which a trial court permitted the state to impeach a defense witness by a conviction pending appeal. The defendant appealed his conviction and our brethren in the Western District held that the amendment to § 491.050 permitted impeachment of a witness by evidence of any finding of guilt. The pendency of an appeal has no effect on the existence of a finding of guilt by the jury. It is a truth which should be weighed with all other evidence to judge the credibility and veracity of witnesses' testimony. *Jackson, supra*, at 548. This interpretation places Missouri with the majority of jurisdictions permitting convictions pending appeal to impeach credibility. 16 A.L.R.3d 725, 736–8 (1967 & Supp.1982). Point one is without merit.

**1.** All references shall be to RSMo Supp. (1982) unless otherwise noted.

Defendant's second point on appeal is that the trial court erred in denying his motion in limine to suppress state's exhibits 24, 25, 26 and 27, the items seized from defendant's car upon arrest. During trial, defendant raised no objection to the prosecutor's direct examination of the police officer concerning exhibits 24 and 25, the two jeweler's loupes, and stated "no objection" when the prosecutor sought to introduce exhibit 27 the paper containing the police radio frequencies. Thus, he has not properly preserved this point for appeal. Admission of evidence complained of in a motion in limine must be objected to at trial to be properly preserved. *State v. Albritton*, 660 S.W.2d 322, 328[13] (Mo. App.1983). The admission of exhibit 26, .380 automatic shell, was objected to as irrelevant and prejudicial. In *State v. Kerr*, 531 S.W.2d 536 (Mo.App.1975), the court held that absent some showing that the evidence inflamed the jury or diverted its attention from the issues to be resolved, even though immaterial and irrelevant, the receipt of the evidence cannot constitute prejudicial or reversible error. Kerr, *supra*, at 543. At Kayser's trial, the .380 shell was introduced without undue emphasis or repeated reference throughout the proceeding. Nothing in the record supports a claim that the jury was prejudiced. It is within the discretion of the trial court to determine whether potentially inflammatory evidence should be admitted. *State v. Wood*, 596 S.W.2d 394, 403[22–25] (Mo. banc 1980). No such abuse has been shown by the record. Further, assuming arguendo, admission of the shell was irrelevant, no prejudice resulted.

The defendant has alleged plain error in the denial of his motion in limine as to the other exhibits which he had failed to object to during the trial. The test for plain error requires not only that error be found, but that the error result in manifest injustice. Rule 29.12(b); *Albritton, supra,* at 328[13]. It is defendant's affirmative burden to show manifest injustice and a violation of substantial rights. Rule 29.-12(b); *State v. Sanders*, 628 S.W.2d 390, 392 (Mo.App.1982). Defendant further alleges that the exhibits were prejudicial in that absent this irrelevant evidence there would not have been substantial evidence to support the verdict. The defendant was positively identified on three separate occasions by two of the victims. Two positive identifications have been held to constitute substantial evidence under *State v. Garrett*, 518 S.W.2d 97, 99 (Mo.App.1974). Further, the two jeweler's loupes, a list of police radio frequencies, and a .380 shell, seized from defendant's car two weeks after the robbery, are items not commonly used in nor related to the trade or business of used car salesmen. In view of the way the robbery was executed and items taken, exhibits 24, 25 and 27 have some probative value as to the intent for which the defendant possessed them. *State v. Crounch*, 353 S.W.2d 597, 601 (Mo.1962). Point two is without merit.

Judgment affirmed.

CRIST, P.J., and PUDLOWSKI, J., concur.