STATE of Missouri,
Plaintiff–Respondent,

v.

Alfonso MILLS, Defendant–Appellant.

Alfonso MILLS, Petitioner–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

Nos. 56053, 58028.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 20, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 10, 1991.

Application to Transfer Denied
June 11, 1991.

**2**

Michael Lee Henderson, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANE, Judge.

A jury convicted Alfonso Mills of one count of first degree robbery, § 569.020 RSMo 1986, and one count of armed criminal action, § 571.015 RSMo 1986, on November 16, 1989. The trial court sentenced him to ten years on the robbery count and three years on the armed criminal action charge, the sentences to be served concurrently. Mills, acting pro se, timely filed a motion for post conviction relief pursuant to Rule 29.15. His appointed counsel subsequently filed an unverified amended motion. The motion court dismissed the amended motion for failure to comply with Rule 29.15(f) and denied Mills' original motion for post-conviction relief. Mills now appeals both the judgment of the trial court and the order of the motion court. We affirm.

The evidence, viewed in the light most favorable to the verdict, discloses that Mills shared an apartment with the victim Dennis Brooks, in St. Louis County. The two had planned to move out of the apartment and Mills knew that Brooks had received $2,000 in cash from his mother for moving expenses. Mills was irritated with the way Brooks flaunted his money in front of Mills' girlfriend.

Mills approached George Vrable at his place of employment on February 19, 1988. Mills told Vrable that he knew how Vrable could make some money. Mills then left to pick up his girlfriend, and returned with her to continue the conversation with Vrable. Mills advised Vrable that he had a roommate, Brooks, who carried large sums of money and was "easy pickings". Vrable knew where Mills lived. Mills told Vrable to hit Brooks over the head with a baseball bat and take the money. He further informed Vrable that the robbery would be easy because Brooks was often intoxicated. Mills said he would get back with Vrable to further plan the robbery.

On February 24, 1988, Mills and his girlfriend left the apartment. While Brooks was there alone, a man knocked on the door, first asked to use the telephone, (which had been disconnected) and then asked to use the bathroom. Brooks let him in, turned and was hit in the back of the head. Brooks fell to the floor dazed and saw a man later identified as Vrable holding what looked like a tire iron. Vrable stole $575 from Brooks. Brooks was treated for the head wound which required eight stitches.

After an initial investigation, Detectives Spies and Hagerty of the St. Louis City Police Department attempted to locate Mills. They learned that he would be coming by his girlfriend's place of employment on March 1, 1988. Spies and Hagerty waited outside the business and observed the girlfriend, Vrable and another person arrive in a green Maverick. Detective Spies identified himself to Mills. Mills claimed his name was Michael. After questioning the Maverick's other occupants, Detective Hagerty attempted to place Mills under arrest. Mills swung at Hagerty and fled from the scene. Mills was chased, caught and taken to the police station. At the station, Detective Spies read Mills his *Miranda* rights which Mills acknowledged, both verbally and in writing, that he understood. Mills executed a written form waiving his *Miranda* rights and made a verbal and a tape recorded statement implicating himself and Vrable.

Mills took the stand to testify in his own behalf. He admitted he told Vrable how he could make money, that Brooks had large amounts of cash, that Brooks came home intoxicated and would be "easy pickings" and that Vrable should hit him over the head with a baseball bat. However, he claimed that he was only joking.

Mills raises two points on direct appeal. He asserts that the evidence of his responsibility for the crimes was insufficient and that the trial court erred in admitting a copper pipe into evidence.

In deciding whether the evidence is sufficient to convict a defendant of a particular offense, we must consider the evidence, together with all reasonable inferences which may be drawn therefrom, in the light most favorable to the verdict and disregard all evidence and inferences to the contrary. *State v. Mallett*, 732 S.W.2d 527, 530 (Mo. banc 1987), *cert. denied*, 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987).

Mills was charged with first degree robbery in violation of § 569.020, RSMo 1986. That section states in part:

1. A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime,

\* \* \* \* \* \*

(3) Uses or threatens the immediate use of a dangerous instrument against any person;....

That the victim was robbed and a dangerous instrument was used against him is not in dispute. Instead, Mills challenges the sufficiency of the evidence that he was criminally responsible for the robbery. Section 562.041, RSMo 1986, provides in part:

1. A person is criminally responsible for the conduct of another when

\* \* \* \* \* \*

(2) Either before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense.

 Thus, conviction does not require that a defendant have personally performed all of the acts constituting the elements of the crime. *State v. Hills*, 645 S.W.2d 57, 59 (Mo.App.1982). Any evidence fairly showing affirmative participation by a defendant in aiding another to commit a crime is sufficient to support a conviction. *Id.* There was sufficient evidence that Mills affirmatively and actively participated in the commission of the robbery by providing Vrable with information regarding the identity and residence of the victim, the victim's possession of a large amount of cash, and the victim's tendency to be drunk and thus easily robbed. Mills also suggested the method and means for carrying out the robbery, by hitting the victim over the head with a bat, and suggested a second meeting to further plan the robbery. Such evidence of aiding, planning and encouragement is sufficient to sustain the conviction. *State v. Bishop*, 705 S.W.2d 81, 82 (Mo.App.1985).

 Mills also argues that the evidence did not show that he knew that Vrable would in fact commit the robbery. Evidence of such knowledge is not required.

What must be shown is that the defendant acted with the "required culpable mental state". § 562.036 RSMo 1986. If an accomplice has the purpose to promote an offense, he may be found to have the required culpable state of mind for that offense. *State v. Roberts*, 709 S.W.2d 857, 863 (Mo. banc 1986), *cert. denied*, 479 U.S. 946, 107 S.Ct. 427, 93 L.Ed.2d 378 (1986). A defendant's culpable mental state may be inferred from the circumstances. *State v. Turner*, 623 S.W.2d 4, 7 (Mo. banc 1981), *cert. denied*, 456 U.S. 931, 102 S.Ct. 1982, 72 L.Ed.2d 448 (1982). Mills' actions reflect his purpose to promote an offense. If a defendant has embarked upon a course of criminal conduct with others, he is responsible for those crimes which he could reasonably anticipate would be a part of that conduct. *State v. Workes*, 689 S.W.2d 782, 785 (Mo.App.1985). We find that the evidence of Mills' purpose to promote an offense was sufficient.

■ The evidence was also sufficient to support Mills' conviction for armed criminal action. Armed criminal action is defined in § 571.015 RSMo 1986 as follows:

... [A]ny person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon is also guilty of the crime of armed criminal action ...

Mills claims that the evidence was insufficient to show that he had the required culpable mental state for this offense. He asserts that he did not use a weapon and did not know Vrable was going to use a weapon. It is not necessary that a defendant himself have personally used the weapon if he aided or encouraged another to do so. Mills suggested that Vrable hit the victim over the head with a baseball bat. The making of such a suggestion shows a purpose to promote the offense. Vrable's use of a weapon was conduct that Mills could reasonably anticipate. The evidence of the required culpable mental state to aid and abet armed criminal action is sufficient.

■ Mills next argues that the court erroneously admitted Exhibit 3, a copper pipe, into evidence. The victim testified that he had been hit over the head with "what looked like a tire iron." Detective Spies testified that he discovered Exhibit 3 in a vehicle owned by an individual named Jerry Flanigan after Spies had talked to Vrable. Vrable's statement was not in evidence, nor was there any evidence identifying Jerry Flanigan or his connection to either the crime or to Mills. The victim was not shown Exhibit 3 nor was he asked to identify it.

Mills objected to the admission of this evidence on the grounds that it was irrelevant, immaterial and prejudicial and no proper foundation had been laid. Generally, weapons not connected with the defendant or the crime he is charged with and not otherwise possessing probative value are not admissible at trial. *State v. Cross*, 699 S.W.2d 51, 54 (Mo.App.1985). It was error to admit the copper pipe. However, a defendant in a criminal case who claims error in the admission of evidence has the burden of showing both error and prejudice. *State v. Minton*, 782 S.W.2d 134, 136 (Mo.App.1989). Absent some showing that the evidence inflamed the jury or diverted its attention from the issues to be resolved, the receipt of evidence, even though irrelevant and immaterial, cannot constitute prejudicial or reversible error. *State v. Kayser*, 671 S.W.2d 352, 355 (Mo.App.1984).

■ We find no prejudice. The fact that the victim was hit over the head with what looked to him like a tire iron was established by the victim's testimony without reference to Exhibit 3 and was not in dispute. The focus of the defense was Mills' criminal responsibility as an aider and abettor, which turned on Mills' own admissions and testimony. The copper pipe itself was not an obviously lethal weapon, such as a gun or a knife, and thus, not inherently inflammatory. The pipe's appearance was no more dangerous or frightening than the description of the tire iron given by the victim. The lack of any evidence to connect the pipe to the crime or to Mills and the failure of the pipe to conform to the witness's description of the weapon (which defendant brought out on cross-examina-

tion) also persuades us that the admission of the pipe did not result in prejudice. *Kayser, supra*, 671 S.W.2d at 355. We find nothing in the record that diverted the jury's attention from the issues to be resolved. Accordingly, reversal is not required. *Id.; State v. Kerr*, 531 S.W.2d 536, 543 (Mo.App.1975).

Mills next asserts that the motion court erred in denying his Rule 29.15 motion for post-conviction relief because his motion counsel was ineffective. Specifically, he argues that he was denied his right to effective assistance of counsel "when post-conviction counsel failed to file an amended motion and request for an evidentiary hearing within the time limits provided in Rule 29.15(f)(j)."

The record discloses that Mills filed a pro se motion pursuant to Rule 29.15 on April 20, 1989. On April 26, a special public defender was appointed to represent him. On May 16, the special public defender was allowed to withdraw for conflict of interest. On May 23, Mills' pro se motion to disqualify the judge was sustained and the case was reassigned. On May 30, the Office of State Public Defender was appointed to assign an attorney to Mills. On July 11, 1989, an appointed attorney entered his appearance for Mills and was granted leave until August 8 to file an amended Rule 29.15 motion. That motion was filed on August 14, but was not verified. No hearing was requested. On October 5, 1989, the parties appeared in court for a conference. The court found that Mills had not requested a hearing. The court dismissed Mills' amended motion because Mills had not verified it as required by Rule 29.15(f). Mills' original pro se motion was taken under submission. On January 11, 1990, the motion court filed its findings of fact and conclusions of law and its order denying Mills' pro se motion.

■ Claims of ineffective assistance of post-conviction counsel are not cognizable on post-conviction appeal. *Lingar v. State*, 766 S.W.2d 640, 641 (Mo. banc 1989), *cert. denied*, — U.S. —, 110 S.Ct. 258, 107 L.Ed.2d 207 (1989); *Young v. State*, 770 S.W.2d 243, 245 (Mo. banc 1989); *Usher v.*

*State*, 741 S.W.2d 677, 678 (Mo.App.1987); *Feemster v. State*, 735 S.W.2d 159 (Mo. App.1987). A post-conviction proceeding is directed only to the validity of a movant's conviction and sentence and cannot be used as a conduit to challenge the effectiveness of counsel in a post-conviction proceeding. *Lingar, supra*, 766 S.W.2d at 641.

■ Mills argues that the failure to verify which resulted in the dismissal of the amended petition was akin to a failure to amend and entitles him to a reversal under *Luster v. State*, 785 S.W.2d 103 (Mo.App. 1990). That case holds:

> Warrant for the extraordinary relief of reversal for appointed motion counsel's failure to amend does not arise unless the record indicates that the movant had a justiciable claim that appointed counsel failed to present. [citations omitted] The appellant's brief must specify the additional grounds that counsel neglected to raise.

*Id.* at 107. *Luster* does not apply. The court considered Mills' pro se motion. It contained the essentials of all grounds urged in the unverified amended motion and those identified in the brief. All of Mills' known grounds were considered by the trial court. Mills' claim of ineffective assistance is not cognizable on his appeal from the denial of his post-conviction motion.

The judgment of the trial court and the order of the motion court are affirmed.

REINHARD, P.J., and STEPHAN, J., concur.