**STATE of Missouri, Respondent,**

v.

**Aldric ELLSWORTH, Appellant.**

No. 66268.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 31, 1995.

Robert E. Steele, Jr., Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David G. Brown, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Judge.

Aldric Ellsworth, appellant, appeals his conviction and sentence based upon a finding of guilty by a jury of first-degree robbery, § 569.020 R.S.Mo.1992 (All further statutory references shall be to R.S.Mo.1992 unless otherwise noted).

On appeal, appellant contends that the trial court erred in: (1) denying his motion to suppress identification; (2) allowing the prosecutor during closing argument to tell the jury that appellant had terrorized the community, in that said statement was not supported by the evidence; and (3) sentencing appellant as a prior and persistent offender pursuant to § 558.019. We affirm as modified.

We review the facts in the light most favorable to the verdict. *State v. Shurn,* 866 S.W.2d 447, 455 (Mo. banc 1993). The record shows that on November 17, 1992, at approximately 2:55 a.m., Detective Albrecht (Albrecht) of the Staunton Illinois Police Department stopped a blue Ford Maverick driven by Vincent Sanders (Sanders). Appellant was a passenger. Albrecht stopped the car because it had an inoperable registration plate light and the license plates were registered to an Oldsmobile, both violations of Illinois' law. When Albrecht asked Sanders for identification, Sanders could not provide a driver's license, and instead, only gave Albrecht a name. Likewise, appellant could

not produce a driver's license and he told Albrecht his name was "Charles Byron Sherwood Ellsworth" and that he did in fact have a driver's license. Albrecht ran appellant's name through the computer and could not make a positive identification.

Subsequently, Albrecht arrested Sanders for driving with a suspended license and appellant was arrested for failure to wear a seat belt. Albrecht stated that it was his usual policy to arrest drivers after he had written them a citation. Furthermore, if he had a problem identifying a driver and passenger, it was his policy to place them under arrest and take them back to the police station in order to make a positive identification and write a citation.

After taking appellant and Sanders to the Staunton Police Department, Albrecht telephoned officers from the Granite City Police Department in an attempt to identify them. Officers at the Granite City Police Department informed Albrecht that appellant would have a tattoo on his right shoulder and left breast. Albrecht identified appellant from the tattoos and held him for the Granite City Police Department because appellant was wanted for failure to return from furlough.

Detective Michael Miller (Miller), of the St. Charles County Police Department was assigned to investigate a robbery of a Schnucks grocery store which occurred on November 11, 1992 in St. Charles County. Sanders was a suspect in the robbery because he had placed his name on a video card application form during the robbery. Witnesses from the Schnucks' robbery indicated that two men were involved in the robbery.

On November 16, Miller received a phone call from Jennifer Wallace (Wallace) informing him that there had been two individuals at a party bragging about committing a copy cat robbery of a Schnucks store in St. Charles. Wallace informed Miller that appellant was one of the men bragging about the robbery and that the two men were planning to commit a robbery in Granite City, Illinois. Miller notified the Granite City Police Department, informed them of the information that he had received from Wallace, and told them that based on this

information, he felt he had probable cause to arrest appellant for the Schnucks' robbery.

On November 17, Miller received information from the Granite City Police Department that they had appellant under arrest. Miller then interviewed appellant after advising him of his *Miranda* rights. Appellant indicated that he was willing to waive his rights and talk to Miller. Appellant informed Miller that he and Sanders had driven to St. Charles in a stolen car in an attempt to shoplift items from Schnucks. They then decided to steal some video movies from the video department. As they attempted to do so, they were informed that they would need a video card to rent the videos from Schnucks. Sanders then filled out the video card application, picked several videos, and took them to the counter as if he was going to check them out. After they approached the counter, appellant told the cashier it was a stick-up and he wanted her to give him all of her money, and not to give him any dummy bills. He further indicated not to make him show her his gun. The cashier handed appellant the money and he walked off.

On November 18, appellant was put in a line-up which was viewed by Patricia O'Keefe (O'Keefe), assistant video manager, Kathie Lowe (Lowe), a cashier, and Bill Hussey (Hussey), a manager, witnesses of the Schnucks robbery. Appellant and Sanders were not put in the same line-up. O'Keefe was able to identify appellant and Sanders from the line-ups as the men who committed the robbery. Miller was present during the line-up identifications.

Appellant moved pre-trial and during trial to suppress identification seeking to prevent anyone from testifying regarding his identification by O'Keefe during the November 18 line-ups. The motions were denied.

■ In his first point on appeal, appellant contends that the trial court erred in denying his motion to suppress identification when it admitted: (a) the testimony of O'Keefe's line-up identification of appellant as one of the men who robbed Schnucks; and (b) Miller's testimony confirming O'Keefe's identification, because they were the direct product of an illegal arrest and intervening circumstances

had neither attenuated nor alleviated the "taint".

■ Probable cause exists where the facts and circumstances known to the arresting officer are sufficient to warrant a prudent person in believing that the suspect has committed an offense. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). The law in the state where an accused is arrested is to be applied in determining whether an arrest is legal or illegal. *State v. Dulany*, 781 S.W.2d 52, 57[7, 8] (Mo. banc 1989). In Illinois, one may be arrested for failure to wear a seat belt. *See* Illinois Supreme Court Rule 526(c)(8); *see also* 625 ILCS 5/12–603.1(b)(9), (e).

Here, the testimony showed Albrecht observed appellant was not wearing his seat belt. This would lead a prudent person to believe appellant had committed a seat belt violation. *See Beck, supra.* Furthermore, Albrecht's uncontroverted testimony showed that a seat belt violation is an arrestable offense in Illinois. As a result, Albrecht had probable cause to arrest appellant and O'Keefe's and Miller's out-of-court identification of appellant was the product of a legal arrest. Point denied.

■ In his second point on appeal, appellant contends that the trial court erred in allowing the prosecutor during closing argument to tell the jury appellant terrorized the entire community, in that such a characterization was unsupported by the evidence. However, at trial and in his motion for a new trial, appellant objected to the prosecutor's statements on the grounds of "villinization," improper reference to uncharged misconduct, and inflaming the passions of the jury.

■ The grounds asserted on appeal are limited to those stated at trial. *State v. Johnson*, 483 S.W.2d 65, 67–68[5] (Mo. banc 1972). An appellant is not permitted to broaden the objection he presented to the trial court; he may not rely on a theory different than the one offered at trial. *State v. Herrick*, 814 S.W.2d 660, 663[2, 3] (Mo. App.1991). Here, appellant has changed the grounds for his appeal, and as a result, has preserved nothing for review. In any event, we will review for plain error. Rule 29.12(b).

■ Defendant bears the burden of proving that the alleged error is of such a magnitude that it constitutes plain error. *State v. Sielfleisch*, 884 S.W.2d 422, 430[12, 13] (Mo.App.1994). Plain error review mandates reversal only if the error results in manifest injustice. *State v. Shurn*, 866 S.W.2d at 460[27, 28]. Plain error review also requires that the argument have a decisive effect on the jury's determination. *Id.*

■ A prosecutor may not make statements that imply a knowledge of facts not before the jury. *Id.* at 460[32, 33]. Here, the prosecutor's statement that appellant terrorized the entire community is not supported by the evidence adduced at trial and it is improper. However, taken in context, the statement alone does not rise to a level of manifest injustice. *See Shurn, supra.* Point denied.

■ In his third point on appeal, appellant contends that the trial court erred in sentencing him to a minimum term as a prior and persistent offender pursuant to § 558.019 in that the State failed to prove beyond a reasonable doubt that appellant had served 120 days in the Missouri Department of Corrections or in a penal institution of another state equivalent to the Missouri Department of Corrections.

It is important to note that our legislature amended § 558.019 in 1993. However, these amendments do not apply to the case at bar, since to do so would cause the statute to become an *ex post facto* law, i.e., it would apply retroactively to events occurring before its enactment. *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981); *Lincoln Credit Co. v. Peach*, 636 S.W.2d 31, 35[6] (Mo. banc 1982). As a result, the proper analysis is under § 558.019 R.S.Mo.1992.

Sections 558.019.2 and 558.021 provide in pertinent part:

**558.019 Minimum prison terms for certain repeat offenders—definitions—effective date**

2. The provisions of this act shall be applicable only to class A and B felonies committed under the following Mis-

souri laws: chapters 195; 491; 565; 566; 567; 568; 569; 570; 571; 573; 575. Other provisions of the law to the contrary notwithstanding, any defendant who had pleaded guilty to or has been found guilty of a felony **and served time of imprisonment of not less than one hundred and twenty days in the department of corrections and human resources, or in a penal institution in another state which is equivalent to the department of corrections and human resources ... shall be required to serve the following minimum prison terms. . . .** (emphasis ours)

### 558.021 Extended term procedures

1. The court shall find the defendant to be a prior offender, persistent offender, or dangerous offender, if

   (1) The indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, or dangerous offender; and

   (2) Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a prior offender, persistent offender, or dangerous offender; and

   (3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender, persistent offender, or dangerous offender.

■ Therefore, in order for appellant to be found to be a prior and persistent offender under § 558.019, he must have: (a) plead guilty to a felony; and (b) served a time of imprisonment of not less than 120 days in the Missouri Department of Corrections or in a penal institution in another state which is the equivalent to the Missouri Department of Corrections.

In its amended information, the State alleged that appellant had plead guilty to two felonies in Illinois prior to his commission of this crime: (1) theft in Macoupin County on November 8, 1991; and (2) armed robbery in Madison County on November 2, 1992. Further, the State alleges that appellant was imprisoned for more than 120 days in the Illinois Department of Corrections from November 8, 1991, to and including December 7, 1991, and from June 21, 1992, to and including November 2, 1992.

However, the record reveals that appellant served 123 days in the Macoupin County Jail as a result of his first guilty plea, from approximately August 7, 1991 to December 7, 1991. Further, although the record does not reveal the number of days, appellant served time in the Madison County Jail as a result of his second guilty plea. Therefore, the issue here is whether appellant's time served in the Macoupin and Madison County Jails is equivalent to time served in a penal institution in another state which is the equivalent to the Missouri Department of Corrections under § 558.019.

■ Criminal statutes are strictly construed against the state. *State v. Liffick,* 815 S.W.2d 132, 134[1–4] (Mo.App.1991). Here, it is clear that appellant plead guilty to two prior felonies for purposes of enhanced sentencing under § 558.019. However, the record does not reveal that appellant served any time of imprisonment in the Illinois Department of Corrections from November 8, 1991, to and including December 7, 1991, and from June 21, 1992, to and including November 2, 1992. Instead, the record shows appellant served more than 120 days in the Macoupin and Madison County Jails. Furthermore, the record is devoid of any evidence adduced by the State showing that the Macoupin and Madison County Jails are equivalent to the Missouri Department of Corrections. Therefore, the State failed to prove beyond a reasonable doubt that appellant served 120 days in a penal institution of another state equivalent to the Missouri Department of Corrections. § 558.021.1 As a result, the trial court erred in sentencing appellant as a prior and persistent offender for purposes of enhanced sentencing under § 558.019.

■ A judgment shall not be reversed or set aside because it was erroneous as to the time or place of imprisonment. Rule 30.23.

We should finally dispose of a case unless justice otherwise requires. *Id.* In such a case, the appellate court shall sentence such person to the proper place of confinement, and for the correct length of time from and after the date of the original sentence. *Id.* Because the finding by the trial court that appellant was a prior and persistent offender affects only the mandatory minimum time to be served and not the sentence imposed, we modify the judgment by removing the finding that appellant is a prior and persistent offender pursuant to § 558.019 with regard to his sentence for first-degree robbery. *See State v. Simms,* 859 S.W.2d 943, 945[2] (Mo. App.1993); Rule 30.23. We therefore order modification of the judgment in accordance with this opinion.

As modified, the judgment of the trial court is affirmed.

CRANE, C.J., and TURNAGE, J., concur.