STATE of Missouri, Respondent,

v.

Virgil HALK, Appellant.

No. 71302.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 21, 1997.

Deborah B. Wafer, Dist. Defender, St. Louis, for Defendant–Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jacqueline K. Hamra, Asst. Atty. Gen., Jefferson City, for Plaintiff–Respondent.

HOFF, Judge.

Virgil Halk (Defendant) appeals the judgment entered pursuant to his jury conviction for two counts of first degree robbery and two counts of armed criminal action. The trial court sentenced him as a prior and persistent offender to concurrent terms of twenty-five years of imprisonment for each count.

Defendant does not dispute the sufficiency of the evidence to convict him. On direct appeal, his sole point argues that the trial court erred in sentencing him as a persistent offender. The State agrees. The information in question charged Defendant only as a prior offender for a conviction for first degree burglary in January of 1984. Prior to the commencement of the trial, the State presented evidence of only the prior burglary conviction. The trial court found Defendant to be a prior offender. However, at sentencing, the trial court sentenced Defendant as a prior and persistent offender. A "persistent offender" is defined by statute as "one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." Section

558.016.3, RSMo 1994. In the case at hand, no evidence was presented to support a finding that Defendant was a persistent offender. Therefore, the trial court erred in sentencing Defendant as a persistent offender instead of a prior offender.

The State contends that Defendant was not prejudiced by his sentencing as a persistent offender because a persistent offender's maximum sentence for a class A felony is not increased beyond the ranges already set for a class A felony. Section 558.016.7, RSMo 1994. However, the State ignores other possible ramifications of Defendant's sentence as a persistent offender, such as the possibility of it affecting his future parole. *See,* Section 558.019, RSMo 1994; 14 C.S.R. Sec. 80–2.010 & 80–2.020 (1992). Therefore, Defendant's sentence must be vacated.

The only question remaining is the disposition of the case. Defendant contends this Court has the power to correct his sentence without remand to the trial court. On several occasions, this Court has remanded to the trial court for resentencing. *See, e.g., State v. Lowery,* 926 S.W.2d 712, 713 (Mo. App. E.D.1996); *Dudley v. State,* 903 S.W.2d 263, 267 (Mo.App. E.D.1995); and *State v. Martin,* 882 S.W.2d 768, 772 (Mo.App. E.D. 1994). However, in each of those cases, additional action by the State needed to be taken. In the case at hand, the State charged Defendant as a prior offender and only admitted evidence supporting his prior offender status. The trial court found Defendant to be a prior offender. However, upon sentencing after the trial, the trial court improperly found Defendant to be a persistent offender. This irregularity did not affect the actual sentence imposed. Therefore, under the facts of this case, we may finally dispose of this matter and correct the judgment and sentence of Defendant to reflect sentencing as a prior offender only. Rule 30.23; *State v. Ellsworth,* 908 S.W.2d 375, 379–380 (Mo.App. E.D.1995); *State v. Simms,* 859 S.W.2d 943, 945 (Mo.App. E.D.1993).

We correct the judgment and sentence in State v. Virgil Halk, Cause No. 941–4321, City of St. Louis, Twenty–Second Judicial Circuit, by ordering that the judgment be modified to show Defendant is only a prior offender and deleting any reference to sentencing as a persistent offender. The judgment is affirmed as modified.

ROBERT G. DOWD, Jr., P.J., and SIMON, J., concur.