**STATE of Missouri, Plaintiff–Respondent,**

v.

**Woodrow ANDERSON, Defendant–Appellant.**

No. 21231.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 27, 1997.

Rebecca L. Kurz, Asst. Appellate Defender, Kansas City, for Defendant–Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa A. Fischer, Asst. Atty. Gen., Jefferson City, for Plaintiff–Respondent.

PREWITT, Judge.

Following trial by jury, Defendant was convicted of robbery and armed criminal action. As a prior and persistent offender, he was sentenced to concurrent terms of 20 years' imprisonment on each count. Defendant appeals.

Defendant presents two points relied on. For his first point, Defendant contends that the trial court erred in overruling his motion for judgment of acquittal because the evidence was insufficient to find him guilty beyond a reasonable doubt, "in that the evidence failed to establish that [Defendant] could have reasonably anticipated that his accomplice would use a weapon when stealing from the victim."

■ In reviewing whether evidence is sufficient, this Court considers the evidence together with all reasonable inferences in the light most favorable to the verdict, and disregards evidence and inferences to the contrary. *State v. Mills,* 809 S.W.2d 1, 3 (Mo. App.1990). So viewed, the evidence was sufficient to support the convictions on both counts.

■ There was evidence that the Defendant and his accomplice had planned the robbery and the circumstances here indicate that a weapon could be reasonably contemplated, if not, in fact, required. Two employees were robbed of the proceeds of the Town & Country Supermarket as they were taking receipts from the store to a night deposit box at the First National Bank in Mississippi County. As one of the employees drove his truck next to the night deposit box, a man carrying a shotgun approached the truck, pointed the shotgun at them, and ordered them out of the vehicle. The employees exited the truck, leaving two deposit bags inside the truck. The robber got into the truck and drove away.

■ A conviction does not require that a Defendant have personally performed all of the acts necessary to constitute a crime. *Mills,* 809 S.W.2d at 3. "If a defendant has embarked upon a course of criminal conduct with others, he is responsible for those crimes which he could reasonably anticipate would be a part of that conduct." *Id.* at 4. *See also State v. Evans,* 694 S.W.2d 860 (Mo.App.1985).

It is difficult to believe that a robbery of two persons in a vehicle could have been accomplished by someone on foot unless they did have a weapon. Absent a weapon, the driver could have driven off or perhaps ignored him. It is also unlikely, given Defendant's participation, that he did not know how it was going to be accomplished. Point I has no merit.

■ For his remaining point, Defendant contends that the trial court "plainly erred" in admitting a statement he made to one of the jailers. No objection was made to this when the jailer testified. In this point, Defendant asserts that it was not established that he received a warning as to his right to remain silent, had waived that right, or the right to speak with an attorney. He also asserts that he is deprived of meaningful review because the transcript of the suppression hearing, which he sought and received, has been lost, apparently because of a fire in the Mississippi County Courthouse.

■ This Court may review plain errors "in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20.

In seeking plain error review, Defendant must show that manifest injustice or miscarriage of justice will result if left uncorrected. *State v. Gregory*, 832 S.W.2d 526, 527 (Mo. App.1992). No such showing has been made.

A review of the record convinces us that the statements made were not solicited, but volunteered. *See Yahne v. State*, 943 S.W.2d 741, 746–47 (Mo.App.1997); *State v. Isaiah*, 874 S.W.2d 429, 436 (Mo.App.1994). The presence or absence of a record of the suppression hearing does not require that the case be reversed or remanded. As there was no manifest injustice, further review or discussion is not required. Point II is denied.

The judgment is affirmed.

GARRISON, P.J., and CROW, J., concur.