**STATE of Missouri, Respondent,**

v.

**William JOLLEY, Appellant.**

**No. ED 78174.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 9, 2001.

Lisa M. Stroup, Asst. Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Sutherland, Asst. Atty. Gen., Jefferson City, MO, for respondent.

AHRENS, Presiding Judge.

William Jolley ("defendant") was charged by information with first degree murder, section 565.202 RSMo 1994[1], and armed criminal action, section 571.015. Defendant waived his right to a jury trial. The trial court found defendant guilty of murder in the second degree and armed criminal action. He was sentenced as a prior offender to eighteen years' imprisonment on each charge to be served concurrently. Defendant appeals from the judgment on his conviction. We affirm defendant's convictions and correct the judgment and sentence.

Viewed in a light most favorable to the judgment, the evidence adduced at trial established the following facts. On May 17, 1997, defendant's brother ("brother") complained to defendant that Keith Page ("victim") had been "shorting" him on the amount of narcotics he was to receive. At his brother's suggestion, defendant and brother planned to rob and kill victim.

---

1. All statutory references are to RSMo 1994 unless otherwise indicated.

Defendant contacted victim to lure him to the murder scene by arranging to purchase marijuana from him.

When victim arrived at defendant's aunt's house, defendant entered victim's vehicle to make the drug transaction. While defendant was in victim's vehicle, brother approached the driver's side of the vehicle and placed a gun to victim's head. Brother ordered victim out of the car and took him to a vacant building near defendant's aunt's house. Defendant heard a gun shot and his brother returned reporting that he had killed victim. Defendant and his brother then drove victim's car to an isolated location and set fire to the interior of the car.

Victim was not reported missing until May 19, 1997. His remains were not found until September 16, 1998. Defendant was interviewed in connection with this crime on September 23, 1998 while in custody on another charge. Defendant waived his *Miranda*[2] rights. In a taped statement he admitted he was a decoy in the murder.

The trial court sentenced defendant as a prior offender under section 558.016. The prior offense was based on a conviction where defendant pleaded guilty to the offense of delivery of a controlled substance on December 2, 1997. This offense occurred subsequent to the murder of victim.

In point one, defendant challenges the sufficiency of the evidence. He claims that the trial court erred in finding that defendant acted with the purpose of aiding brother to rob and murder victim.

■ Appellate review on a sufficiency of the evidence claim is limited to a determination of whether there is sufficient evidence from which a reasonable factfinder might have found the defendant guilty be-yond a reasonable doubt. *State v. Dulany,* 781 S.W.2d 52, 55 (Mo. banc 1989). On review, we accept as true all evidence favorable to the state and disregard evidence and inferences to the contrary. *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993).

■ The trial court found defendant guilty of second-degree murder. A person commits the crime of second-degree murder if he knowingly causes the death of another person or, with the purpose of causing serious physical injury to another person, causes the death of another person. Section 565.021.1. A person can also be found guilty of second-degree murder if either before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense. Section 562.041.1(2). "Thus, a conviction does not require that a defendant have personally performed all the acts constituting the elements of the crime." *State v. Mills,* 809 S.W.2d 1, 3 (Mo.App.1990). "Any evidence fairly showing affirmative participation by defendant in aiding another to commit a crime is sufficient to support a conviction." *Id.*

■ There is sufficient evidence to support that defendant affirmatively participated in the murder of victim. Victim's cellular phone records indicated that a call was made to defendant's aunt's house the night of the murder. Defendant admitted to arranging a drug transaction with victim, as a decoy in the plan to lure victim to his brother. Defendant knew that his brother planned to rob and kill victim. Defendant also aided in the removal and destruction of victim's car. The evidence supports that defendant purposely aided

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

and planned the murder of victim. Further, because the murder defendant participated in was committed by use of a gun, we find his conviction for armed criminal action is supported by substantial evidence. Point denied.

In his second point on appeal, defendant claims the trial court erred in finding him to be a prior offender under section 558.016. Section 558.016 allows the court to sentence a person as a prior offender if he has pleaded guilty or been found guilty of an offense. The person must be found or plead guilty prior to the commission of the present offense. Section 558.016.6. Defendant correctly points out and the State concedes that he did not plead guilty to delivery of a controlled substance until December 2, 1997, subsequent to the murder of victim.

Defendant concedes that the length of his sentence would remain the same; however, he claims prejudice because the erroneous label may affect his future possibility of parole. We agree. *See State v. Halk,* 955 S.W.2d 216, 217 (Mo.App.1997).

Both the State and defendant suggest correction of the judgment. The irregularity did not affect the actual sentence imposed in this case. *Id.* Therefore, because the defendant concedes the sentence would remain the same, we may correct the judgment and sentence to reflect that defendant was not a prior offender. *Id.*

We correct the judgment and sentence in State v. William Jolley, Cause No. 981–3454, City of St. Louis, Twenty–Second Judicial Circuit, by ordering that the judgment be modified to show defendant is not a prior offender by deleting any reference to sentencing as a prior offender. The judgment is affirmed as modified.

CRANDALL and JAMES R. DOWD, JJ., concurs.