Woodrow **ANDERSON,**
**Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 26925.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 29, 2005.

court entered its written findings of fact, conclusions of law, denying Appellant's motion. Appellant filed a notice of appeal, and this court affirmed the motion court's judgment in part, but remanded to the motion court to enter additional findings of fact and conclusions of law. *Anderson v. State,* 84 S.W.3d 501 (Mo.App. S.D.2002).

The motion court issued its amended findings of fact and conclusions of law again denying Appellant's motion for post-conviction relief, which Appellant appealed and this court affirmed in *Anderson v. State,* No. 25278 (Mo.App. S.D. filed June 27, 2003). Appellant filed a "Motion to Reinstate Post–Conviction Petition," which was denied. Appellant then filed a "Motion for Reconsideration of Motion to Reinstate Post–Conviction Petition," the denial of which is the subject of this appeal.

In this appeal, Appellant complains that post-conviction counsel filed an amended post-conviction motion which included the eleven grounds from his pro se motion as well as one other ground, but that "there is no record of any activity by [post-conviction counsel] on [his] behalf concerning [his eleven grounds] ..." Appellant asserts that post-conviction counsel abandoned the eleven claims of error he originally asserted in his pro se motion in that she simply copied them into the amended petition and because she did not argue them at the hearing. He concludes that post-conviction counsel violated Rule 29.15(e),[1] which provides in pertinent part:

> Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion

Woodrow Anderson, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Stephanie Morrell, Asst. Atty. Gen., for respondent.

PHILLIP R. GARRISON, Judge.

Woodrow Anderson ("Appellant") appeals, pro se from the denial of his "Motion for Reconsideration of Motion to Reinstate Post–Conviction Petition." We affirm.

Appellant was convicted by a jury of robbery and armed criminal action, and was sentenced as a prior and persistent offender to two concurrent twenty year sentences, which were affirmed in *State v. Anderson,* 953 S.W.2d 646 (Mo.App. S.D. 1997). A timely pro se motion for post-conviction relief was filed by Appellant, and court appointed counsel, ("post-conviction counsel") subsequently filed an amended post-conviction motion. An evidentiary hearing was held and the motion

---

1. All references to rules are to Missouri Rules of Criminal Procedure (2004) unless otherwise indicated.

does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims. If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion. The statement shall be presented to the movant prior to filing. The movant may file a reply to the statement not later than ten days after the statement is filed.

Appellant contends that we should remand for appointment of new counsel. We disagree.

When Appellant filed his pro se petition for post-conviction relief, the motion court appointed post-conviction counsel, as provided in Rule 29.15(e). Appellant informed her that he wanted each of his original eleven grounds for relief to be incorporated into the amended petition for post-conviction relief. Post-conviction counsel photocopied Appellant's original petition and included it in its entirety in the amended petition to which she added one other ground for relief. A hearing was held, at which post-conviction counsel conducted argument and called witnesses, including Appellant. Appellant, recognizing that we do not review claims of ineffective assistance of counsel in post-conviction relief proceedings, argues that this conduct amounted to post-conviction counsel taking no action on his original eleven claims of error and as such constituted abandonment.

■ There is no constitutional right to counsel for post-conviction relief proceedings. *Barnett v. State*, 103 S.W.3d 765, 773 (Mo. banc 2003), *cert. denied*,

*Barnett v. Missouri*, 540 U.S. 862, 124 S.Ct. 172, 157 L.Ed.2d 114 (2003). As such there is no right to effective assistance of counsel and absent a finding of abandonment, Appellant's claim is unreviewable. *Id.* Abandonment occurs when:

(1) post-conviction counsel takes no action on a movant's behalf with respect to filing an amended motion and as such the record shows that the movant is deprived of a meaningful review of his claims; or (2) when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner.

*Id.* at 773–774.

In this case post-conviction counsel clearly filed a timely amended petition to vacate, set aside or correct the judgment. It has been repeatedly held that the doctrine of abandonment will not be expanded to "encompass perceived ineffectiveness of post-conviction counsel." *Id.; Winfield v. State*, 93 S.W.3d 732, 733–739 (Mo. banc 2002), *cert. denied, Winfield v. Missouri*, 528 U.S. 1130, 120 S.Ct. 967, 145 L.Ed.2d 838 (2000); *State v. Ervin*, 835 S.W.2d 905, 928–929 (Mo. banc 1992) (the scope of abandonment will not be extended beyond the two-part criteria mentioned above).

The record clearly shows that post-conviction counsel took action in this case and did not abandon Appellant. She incorporated all eleven claims in the amended petition to which she added a twelfth claim and a conclusion. As stated above she also presented evidence at the hearing and called witnesses, including Appellant. Simply because an amended petition is poorly prepared does not equate to abandonment. *State v. Owsley*, 959 S.W.2d 789, 799 (Mo. banc 1997). In essence Appellant's abandonment claim is a claim of ineffective assistance of counsel and as stated above is unreviewable. *Barnett*, 103 S.W.3d at 773; *see also Owsley*, 959

S.W.2d at 799. Accordingly, the motion court's ruling is affirmed.

BATES, C.J., and BARNEY, J., concur.