**STATE of Missouri, Respondent,**

v.

**Darold WALKER, Appellant.**

**No. ED 93101.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 31, 2010.

P.2009, unless otherwise indicated.

Maleaner R. Harvey, St. Louis, MO, for Appellant.

Shaun J. Mackelprang, Jayne T. Woods, Jefferson City, MO, for respondent.

GEORGE W. DRAPER, III, Judge.

Darold Walker (hereinafter, "Appellant") appeals from the trial court's judgment after a jury found him guilty of domestic assault in the first degree, Section 565.072 RSMo (2000),[1] and armed criminal action, Section 571.015. The trial court sentenced Appellant as a prior and persistent offender and as a prior domestic violence offender to concurrent terms of twenty-five years' imprisonment. Appellant raises two allegations of error, claiming the trial court abused its discretion in admitting evidence of prior acts of violence and plainly erred in sentencing him as a prior domestic violence offender. We affirm the judgment as modified.

"This Court views the evidence and makes all reasonable inferences therefrom in the light most favorable to the verdict." *State v. Wilson,* 256 S.W.3d 58, 62 (Mo. banc 2008). There is no dispute regarding the sufficiency of the evidence.

Appellant and G.H. (hereinafter, "Victim") previously lived together and have a sixteen-year old child. While no longer in a relationship with one another, Appellant continued to see Victim four or five times per month while he visited with another member of Victim's household.

On March 24, 2007, Appellant visited the other member of Victim's household and began drinking. When Victim returned home later that evening, Appellant wanted her to leave with him. Victim refused. Appellant then struck her in the back of her neck with a pistol while cursing at her. After being hit, Victim fell to the floor, suffering severe injuries.

Victim was diagnosed with bilateral lamina fractures on the fifth and sixth cervical vertebrae. There was a bone fracture on her left side which imploded into the spinal canal and onto the spinal cord. At the same level, there was a large disk herniation which imploded and touched the spinal cord from the front. As a result, Victim lost all function in her legs and most of her left arm. Her injuries impaired all of her bodily functions from her neck down, including walking, digestion, sensations, respiration, bowel and bladder activity, and sexual functions.

The State charged Appellant as a prior and persistent offender and a prior domestic violence offender. Following a jury trial, Appellant was found guilty. The trial court sentenced Appellant as a prior and persistent offender and as a prior domestic violence offender, to concurrent terms of twenty-five years' imprisonment. Appellant brings this two point appeal.

■ In his first point on appeal, Appellant claims the trial court abused its discretion in admitting Victim's video taped deposition, describing prior acts of violence committed by Appellant upon her. Appellant alleges this evidence was not logically and legally relevant to prove he committed domestic assault in the first degree and armed criminal action.

The trial court is vested with broad discretion in the admission or exclusion of evidence. *State v. Mabry,* 285 S.W.3d 780, 785 (Mo.App. E.D.2009). A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Id.* This Court will not disturb the trial court's ruling absent a clear abuse of that discretion and "the error was so prejudicial that it deprived the defendant of a fair

1. All further statutory references herein are to RSMo (2000), unless otherwise noted.

trial." *State v. Thurman,* 272 S.W.3d 489, 495 (Mo.App. E.D.2008).

■ Evidence of a defendant's prior criminal acts is not admissible unless it has a legitimate tendency to establish directly the defendant's guilt for the crime charged. *State v. Vorhees,* 248 S.W.3d 585, 587 (Mo. banc 2008). "[E]vidence of prior criminal acts may be admissible for alternative purposes such as establishing motive, intent, absence of mistake or accident, a common scheme or plan, or the identity of the person charged with the commission of the crime on trial." *Thurman,* 272 S.W.3d at 495; *Vorhees,* 248 S.W.3d at 588. "Evidence of prior bad acts is also admissible if offered to rebut the [defendant's] volunteered assertions from the stand that he or she has never been guilty of any misconduct." *Vorhees,* 248 S.W.3d at 588 (internal citation omitted).

■ In this case, Victim's deposition was admitted to establish Appellant's intent and to rebut his claim that Victim's injuries were the result of a simple accident. Appellant claimed Victim fell accidentally, suffering her extensive injuries when she hit her head on a cabinet; he testified he did not intend to hurt her. "In cases of murder or assault, prior misconduct by the defendant toward the victim is logically relevant to show motive, intent, or absence of mistake or accident." *State v. Tolliver,* 101 S.W.3d 313, 315 (Mo.App. E.D.2003). The trial court did not abuse its discretion in admitting Victim's deposition testimony since Appellant placed his intent at issue. Point denied.

■ In his second point on appeal, Appellant avers the trial court plainly erred in sentencing him as a prior domestic violence offender pursuant to Section 565.063.1. Appellant believes the State failed to prove he pleaded to or was found guilty of one domestic assault offense within the past five years.

■ Since Appellant never raised this issue in his motion for new trial, this point is not preserved for appeal. Rule 30.20 authorizes this Court to review "plain errors affecting substantial rights ... when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." It is within the Court's discretion to review an unpreserved point for plain error. *State v. Tisius,* 92 S.W.3d 751, 767 (Mo. banc 2002). Plain error review is appropriate when there are allegations that the trial court improperly sentenced a defendant as a prior or a persistent offender. *State v. Nesbitt,* 299 S.W.3d 26, 28 (Mo.App. E.D.2009). "A sentencing court exceeds its jurisdiction when it imposes a sentence in excess of the maximum allowed by law." *State v. Peeples,* 288 S.W.3d 767, 776 (Mo.App. E.D.2009).

The State concedes Appellant was sentenced improperly as a prior domestic violence offender. However, the State argues this is inconsequential as Appellant was charged properly as a persistent domestic violence offender. The State claims Appellant appreciated the State was seeking an extended term of imprisonment, and Appellant knew he was convicted of two previous domestic assaults against Victim. Further, the State avers the trial court's sentence is a proper enhancement based upon Appellant's status as a persistent domestic violence offender.

A persistent domestic violence offender is "a person who has pleaded guilty to or has been found guilty of two or more domestic assault offenses, where such two or more offenses occurred within ten years of the occurrence of the domestic assault offense for which the person is charged." Section 565.063.1(3). A prior domestic violence offender is "a person who has pleaded guilty to or has been found guilty of one

domestic assault offense, where such prior offense occurred within five years of the occurrence of the domestic assault offense for which the person is charged." Section 565.063.1(4).

In this case, the charging document alleged Appellant committed two prior domestic assault felonies within the past ten years; neither offense occurred within the past five years. Further, the record demonstrates Appellant's persistent domestic violence offender status was proven by the State at trial, including Appellant's testimony at trial that he had two convictions of domestic assault against Victim. Even though the word persistent was not used in the charge, there was sufficient notice given to permit sentencing as a persistent offender. *See State v. Vann*, 7 S.W.3d 407, 411 (Mo.App. W.D.1999).

The jury found Appellant guilty of first-degree domestic assault, Section 565.072. Section 565.063.14 authorized the trial court to impose "term of imprisonment for a class A felony which term shall be served without probation or parole if the court finds the offender is a persistent domestic violence offender...." The trial court appropriately sentenced Appellant pursuant to this statutory requirement even though the "prior domestic violence offender" box on the judgment was checked.[2]

 However, this Court recognizes there are "other possible ramifications of Appellant's sentence as a [prior domestic violence] offender, such as the possibility of it affecting his future parole." *State v. McGee*, 284 S.W.3d 690, 713 (Mo.App. E.D.2009)(*quoting State v. Halk*, 955 S.W.2d 216, 217 (Mo.App. E.D.1997)). "To be entitled to vacation of sentence and remand, where the irregularity concerns determination of prior offender status, ac-

tual prejudice must be established." *State v. Madison*, 997 S.W.2d 16, 22 (Mo. banc 1999).

Appellant fails to prove actual prejudice. His undisputed status as a prior and persistent offender removed the opportunity for him to be sentenced by the jury. Further, the sentence imposed by the trial court did not exceed the maximum punishment available for a class A felony.

This Court may correct Appellant's sentence rather than remanding the case for resentencing. *State v. Morris*, 285 S.W.3d 407, 414 (Mo.App. E.D.2009); *Halk*, 955 S.W.2d at 217. Accordingly, this Court will correct the judgment and sentence to reflect Appellant's status as a persistent domestic violence offender rather than a prior domestic violence offender. Rule 30.23. Appellant's second point is granted in part and denied in part.

The trial court's judgment is affirmed as modified.

ROY L. RICHTER, C.J., and GLENN A. NORTON, P.J., concur.

---

2. Sentencing for either a persistent domestic violence offender or a prior domestic violence offender who pleaded or was found guilty under Section 565.072 exposes that person to an enhancement of his or her sentence to a class A felony. Section 565.063.14.