**STATE of Missouri, Respondent,**

v.

**Lance DRUDGE, Appellant.**

**No. ED 92145.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 27, 2009.

n. 25 (Mo.App. W.D.2007); *Mason v. Mason*, 905 S.W.2d 519, 521 (Mo.App. E.D.1995); *Nelson v. Nelson*, 516 S.W.2d 574, 582 (Mo. App.1974).

Gwenda R. Robinson, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Terrance M. Messonnier, Asst. Attorney General, Jefferson City, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Lance Drudge ("Defendant") appeals from the judgment upon his convictions by a jury for forcible sodomy, Section 566.060, RSMo Cum.Supp.2007, and domestic assault in the third degree, Section 565.074, RSMo 2000, for which the trial court sentenced him, as a prior offender pursuant to Section 558.021, RSMo 2000, to twenty years' imprisonment in the Missouri Department of Corrections on the forcible sodomy count and a consecutive one-year term in the City of St. Louis Medium Security Institution on the third-degree domestic assault count. On appeal, Defendant contends the trial court plainly erred in classifying Defendant as a prior offend-er where there was no indictment or information setting forth the essential facts warranting a finding that Defendant was a prior offender. Defendant also asserts the trial court plainly erred in failing to dismiss the charges against Defendant in violation of Defendant's rights to a speedy trial. We affirm as modified.

Defendant does not challenge the sufficiency of the evidence. In the early morning hours of November 14, 2006, after patronizing several bars, Defendant and the victim got into an argument and Defendant told the victim to walk home, which was about a mile walk. Thereafter, the victim accepted a ride home from another person. When the victim returned home, Defendant was already there. As the victim entered the house, she saw some cake had been left on the table and went to put it away. As she went to pick up the cake, Defendant shoved the cake in the victim's face and began to punch her. After knocking the victim to the ground, Defendant began to kick her in the face and head. The victim tried to get away from Defendant and told him she just wanted to get her clothes and leave. Defendant then threw the victim down the stairs and told her to go. However, before the victim could do anything, Defendant grabbed her by the hair and pulled her up the stairs. They ended up in the living room with the victim on her stomach and Defendant's knee in her back. At some point in the assault, the victim's pants had been removed. Defendant then placed something in the victim's rectum which felt like his fist. As the victim tried to get away, she had a bowel movement. Defendant grabbed the feces and shoved it in the victim's face, telling her to eat it or he would kill her. Defendant then urinated on the victim.

Defendant then grabbed the victim and threw her into the bathroom and began to

run the shower or the tub, telling the victim that he could drown her and nobody would care. Defendant then left the bathroom. The victim went into the bedroom to get some clothes. While she was in there, Defendant threw his cell phone at the victim and told her to call the police, but that they would not believe her. Defendant grabbed the cell phone back and threw it at the victim a second time. The victim then called 911. While the victim was on the cell phone, Defendant took the phone back and began to kick the victim in the head again. The police and emergency personnel arrived soon thereafter, and the victim went to the hospital in an ambulance. When examined at the hospital, the victim had multiple bruises and some cuts. The victim's nose was broken. There was also evidence of "strain" or stretching in the rectal area. The injuries observed were consistent with the assault described by the victim.

The State filed an indictment charging Defendant with forcible sodomy and domestic assault in the third degree. The indictment did not include any allegations regarding prior offender status. However, on the morning of the trial, the trial court found Defendant to be a prior offender without objection. Following the trial, the jury found Defendant guilty of forcible sodomy and domestic assault in the third degree. The trial court sentenced Defendant as a prior offender to twenty years' imprisonment in the Missouri Department of Corrections on the forcible sodomy count and a consecutive one-year term in the City of St. Louis Medium Security Institution on the third-degree domestic assault count. This appeal follows.

In his first point, Defendant contends the trial court plainly erred in classifying him as a prior offender where there was no indictment or information setting forth the essential facts warranting a finding that Defendant was a prior offender. Defendant requests that the prior offender status be removed from the judgment and sentence.

The indictment charging Defendant did not contain any assertions regarding Defendant's prior offender status.[1] On the morning of the trial, the trial court noted its understanding that Defendant had a prior offense. Defendant's counsel stated he discussed the prior offense with Defendant and how it affected the current proceedings. The trial court discussed the prior offense with Defendant, and Defendant admitted pleading guilty to a felony. Having been presented with the records of the prior conviction and having discussed it with Defendant, the trial court then made a finding that Defendant was a prior offender. Therefore, the sentencing would be done by the trial court and not the jury. There was no objection.

Defendant now asserts the trial court erred in sentencing him as a prior offender where there was not a proper charging document asserting his prior offender status as required by Section 558.021, RSMo 2000. Defendant concedes his claim was not properly preserved because he did not object and his claim was not included in his motion for new trial. *See State v. Johnson,* 220 S.W.3d 377, 383 (Mo.App. E.D. 2007). Thus, Defendant requests plain error review under Rule 30.20.

■ Plain error review involves two steps. *State v. Darden,* 263 S.W.3d 760, 762 (Mo.App. W.D.2008). First, the court must determine whether the trial court committed an evident, obvious and clear

---

1. The State claims a substitute information in lieu of indictment was filed alleging Defendant's prior offender status. However, the docket sheet does not indicate a substitute information was filed, nor is a substitute information included in the record.

error, which affected the substantial rights of the appellant. *Id.* at 762–63. If obvious and clear error is found in the first step of the review, the second step of plain error review requires the court to determine whether manifest injustice or a miscarriage of justice resulted therefrom. *Id.* at 763.

■ For a trial court to find a defendant to be a prior offender,[2] (1) the indictment or information, original or amended, or the information in lieu of an indictment must plead all essential facts warranting a finding that the defendant is a prior offender, (2) evidence must be introduced to establish sufficient facts were pleaded to warrant a finding beyond a reasonable doubt that the defendant is a prior offender, and (3) the trial court must make findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender. Section 558.021.1, RSMo 2000. All the facts necessary to establish prior offender status must be pleaded, established, and found prior to submission of the case, outside the hearing of the jury. Section 558.021.2, RSMo 2000.

■ Here, although the prior offender status was presented and found prior to the submission to the jury, there was no indictment or information or information in lieu of an indictment in the record pleading all the essential facts warranting a finding that Defendant was a prior offender.[3] Although this constitutes error, there is no manifest injustice in this case.

■ The only legal consequence of finding prior offender status is the loss of the right to jury sentencing. Sections 557.036, RSMo Cum.Supp.2007, 558.016, RSMo Cum.Supp.2007, and 558.021, RSMo 2000. Defendant did not object to the trial court sentencing. A defendant waives his statutory right to a jury-recommended sentence where he allows the trial court to determine his sentence without raising his right to have the jury recommend a sentence. *State v. Emery,* 95 S.W.3d 98, 102 (Mo. banc 2003).[4] Defendant therefore waived his right to jury sentencing. Defendant cannot show he suffered a manifest injustice from any error in classification. *Darden,* 263 S.W.3d at 769–770 ("This court cannot see how [the defendant] has established manifest injustice where the prejudice demonstrated is that he was denied a statutory right he waived.") Where there is no manifest injustice, there is no plain error.

■ However, although Defendant does not request re-sentencing, Defendant requests that the classification of "prior offender" be removed from the judgment and sentence. We recognize there are other possible ramifications from being improperly classified as a prior offender, such as the possibility of it affecting future parole eligibility. *State v. Jolley,* 45 S.W.3d 549, 552 (Mo.App. E.D.2001) *citing State v. Halk,* 955 S.W.2d 216, 217 (Mo. App. E.D.1997); 14 C.S.R. 80–2.010; *State v. McGee,* 284 S.W.3d 690, 713 (Mo.App. E.D.2009). Therefore, under the facts of this case, we can finally dispose of this

---

**2.** A "prior offender" is one who has pleaded guilty to or has been found guilty of one felony. Section 558.016.2.

**3.** This case is distinguishable from *State v. Teer,* 275 S.W.3d 258 (Mo. banc 2009), where the trial court allowed the State to amend its information to charge the defendant as a prior offender after the case was submitted to

the jury and the trial court exceeded the jury's recommendation in sentencing the defendant.

**4.** In *Emery,* the asserted error involved prior and persistent offender status, which does enhance the range of punishment. *Emery,* 95 S.W.3d at 99–100; *See also State v. Broom,* 281 S.W.3d 353, 358–59 (Mo.App. E.D.2009).

matter and correct the judgment and sentence to remove the prior offender classification. Rule 30.23. Defendant's point is denied in part and granted in part.

■ In his second point, Defendant asserts the trial court plainly erred in failing to *sua sponte* dismiss the charges against Defendant in violation of Defendant's rights to a speedy trial.

Defendant was arrested on November 16, 2006. Defendant was charged by complaint the day after he was arrested. The case was continued by the trial court until November 20, 2006. The case was continued until December 20, 2006 at the request of the State. On December 19, 2006, the indictment was filed. The following day the State requested the case be continued and the case was continued until January 25, 2007. On January 25, 2007, Defendant's arraignment was held and Defendant waived preliminary hearing. The trial court then continued the case ten more times from January 25, 2007 to September 8, 2008. Defendant's trial began on September 8, 2008. Defendant filed a request for a speedy trial on March 27, 2008 pursuant to Section, 545.780, RSMo 2000,[5] and again on May 27, 2008.

Defendant concedes this claim of error was not properly preserved because it was not raised in his motion for new trial, and therefore, again requests plain error review under Rule 30.20.

■ To assess whether the constitutional right to a speedy trial has been respected or denied, we must balance four factors: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *State ex rel. McKee v. Riley*, 240 S.W.3d 720, 729 (Mo. banc 2007) *citing Barker v. Wingo*, 407 U.S. 514, 533, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

■ The first factor is actually a double inquiry. *State v. Ivester*, 978 S.W.2d 762, 764 (Mo.App. E.D.1998). Initially, we examine the length of delay to determine if the delay is ordinary or presumptively prejudicial. *Id.* A further inquiry into the remaining factors is required only if the delay reaches a level presumed to be prejudicial. *Id.* If the length of delay is not presumptively prejudicial, the request for dismissal may be denied without explaining or weighing the remaining factors. *Id.* The presumption that pretrial delay prejudices defendant increases over time, and we must again examine the length of delay when analyzing prejudice to the defense, a consideration in the fourth factor. *Id.* at 764–65. Here, Defendant was arrested on November 16, 2006, but was not tried until September 8, 2008. The length of delay totaled more than twenty-one months. A delay of eight months or longer is presumptively prejudicial and therefore an examination of the remaining three factors is necessary. *Id.* at 765.

■ The second factor weighed is the reason for the delay. The State concedes that a total of seven months can be attributed directly to the State. Of the remaining fifteen months, two months are clearly attributable to the trial court.[6] To the

---

5. Section 545.780 provides, in pertinent part:

1. If defendant announces that he is ready for trial and files a request for a speedy trial, then the court shall set the case for trial as soon as reasonably possible thereafter.

6. There were four trial dates set prior to the actual trial date. On the first trial date, June 11, 2007, the case was continued to September 4, 2007 without explanation. On September 4, 2007, the case was continued until November 5, 2007, noting the "case was not reached" and that the State "may be in trial in this division on a 2005 case." On Novem-

extent that these delays are due to the trial court's docket, they should be weighted less heavily against the State than deliberate delays to hamper the defense, but nevertheless should be considered because the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. *State ex rel. McKee,* 240 S.W.3d at 730.

The third factor is whether the defendant asserted his right to a speedy trial. "The *timely* assertion of the right to speedy trial is a factor in determining whether the speedy trial right has been violated." *Id.* at 729 (emphasis added). Although a defendant has no duty to bring himself to trial, the failure to assert the right will make it difficult for a defendant to prove he was denied a speedy trial. *Id.* Here, Defendant filed his first request for a speedy trial on March 27, 2008 and a second request on May 27, 2008. Although Defendant did assert his right to a speedy trial, he did so sixteen months after his arrest. Waiting several months to assert the right to a speedy trial has been found to weigh against a defendant. *See State v. Fleer,* 851 S.W.2d 582, 597 (Mo. App. E.D.1993)(holding that a delay of sixteen months in asserting the right to a speedy trial weighed against the defendant, though not heavily).

The fourth factor to be considered is prejudice. In terms of prejudice, there are three components to be considered: (1) prevention of oppressive pre-trial imprisonment; (2) minimization of a defendant's anxiety and concern; and (3) limitation of the possible impairment of the defense. *State v. Bell,* 66 S.W.3d 157, 165 (Mo.App. S.D.2001). In Missouri, this prejudice factor is considered to be the most important of the four factors with limitation of the possible impairment of the

defense being the most important component within the prejudice factor. *Id.* Claims of prejudice must be actual or apparent on the record or by reasonable inference. *State v. Newman,* 256 S.W.3d 210, 217 (Mo.App. W.D.2008). Speculative or possible prejudice is not sufficient. *Id.* Further, the failure to present evidence of actual prejudice weighs heavily in favor of the State. *Id.*

Here, Defendant asserts that "because of the almost-two-year-long delay, [Defendant] was forced to spend 'dead time' in jail and was unable to work and spend time with his family and friends." Defendant admits that he cannot prove his defense was impaired, or that witnesses had disappeared or had become otherwise unavailable. Where Defendant has failed to present evidence of prejudice by asserting or showing impairment of his defense, this factor is weighted heavily in the State's favor and against Defendant.

After considering the *Barker* factors and the facts and circumstances of this case, we cannot say the delays in the trial court proceedings rise to the level of plain error. *See State v. Farris,* 877 S.W.2d 657 (Mo. App. S.D.1994)(finding a delay of thirty-three months did not rise to the level of plain error). The trial court did not plainly err in failing to *sua sponte* dismiss the charges of this case. Defendant's point is denied.

We correct the judgment and sentence to delete the finding that Defendant was a prior offender. The judgment is affirmed as modified.

SHERRI B. SULLIVAN, P.J. and PATRICIA L. COHEN, J., concur.

---

ber 5, 2007 the case was continued until May 19, 2008 noting that the defense attorney or the circuit attorney was in trial. The May 19, 2008 trial date was later cancelled.