STATE of Missouri, Respondent,

v.

Sean N. THESING, Appellant.

No. SD 30188.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 14, 2011.

Melinda K. Pendergraph, Columbia, MO, for Appellant.

Chris Koster, Attorney General, and Karen L. Kramer, Assistant Attorney General, Jefferson City, MO, for Respondent.

WILLIAM W. FRANCIS, JR., Judge.

Sean N. Thesing ("Appellant") was charged by information in the Circuit Court of Greene County on count I—class A felony of pharmacy robbery in the first degree, pursuant to sections 558.011[1] and 569.025; and count II—unclassified felony of armed criminal action, pursuant to section 571.015. Following a bench trial, Appellant was found guilty on each count and was sentenced to ten years' imprisonment for the pharmacy robbery, and three years' imprisonment for the armed criminal action, with the sentences to be served concurrently. Appellant timely appealed. For the reasons set forth below, the matter is remanded to the trial court for resentencing.

### Facts and Procedural Background

Appellant does not challenge the sufficiency of the evidence to support his conviction. Therefore, only those facts necessary to dispose of the issues on appeal are set forth.

On the morning of November 8, 2007, Appellant, while displaying a handgun, robbed a pharmacy in Springfield. Appellant, a recovering morphine addict, demanded Kadian (morphine) and Adderall (amphetamine)—both class 2 controlled substances—and a box of syringes.

An employee of the pharmacy, who was on the phone with a 911 operator, witnessed Appellant go around the building and get into a small white pickup truck. The employee provided the license plate number of the truck to the dispatcher. Police went to Appellant's residence and arrived shortly before Appellant. The police ordered Appellant out of his vehicle, however, before exiting the vehicle, Appellant ingested a handful of pills. Appellant was arrested without incident and transported to a local hospital.

Inside Appellant's vehicle, police found a semi-automatic .22 caliber handgun, a box of syringes, an empty pill bottle, and a box of .22 caliber bullets. Appellant admitted to a treating nurse and physician that he was detoxing from an opiate addiction, and robbed the pharmacy because he had no money and could not cope with his situation. Similarly, Appellant informed Detective David Meyer of the Springfield Police Department that he had stopped attending a methadone clinic and was in the process

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

of detoxing when he was overcome by the addiction.

On October 16, 2008, a one-day bench trial was held where Appellant offered evidence that he was unable to appreciate the nature of his acts due to mental illness. At no time prior to that date did Appellant assert any right to a speedy trial. The case was taken under advisement. The record reflects the trial court was required to research and review three years' of medical records and business records on Appellant's defense of mental illness. On July 9, 2009, Appellant was found guilty on both counts and a sentencing assessment report was ordered. On September 9, 2009, Appellant filed his "Motion for Alternative Sentence." On November 13, 2009, judgment was entered and Appellant was sentenced.

At the sentencing hearing, in support of his motion, counsel for Appellant argued the presence of five mitigating factors warranted a suspended imposition of sentence and probation on the conviction for pharmacy robbery.[2] Specifically, counsel argued Appellant voluntarily checked himself into a methadone clinic, he was under a doctor's care when he committed the robbery, he had cooperated with law enforcement and taken responsibility for his actions, and he had no prior convictions or incarcerations. Furthermore, counsel pointed out Appellant was dedicated to studying for his General Educational Development tests ("GED") and was the top student in the jail. As a result, counsel argued the court should sentence Appellant according to the sentencing guidelines in effect at the time of the occurrence, which recommended a community-structured sentence. The trial court denied the motion, ruling the express language of the statute prohibited a disposition in which the imposition of sentence is suspended and that it was not considered. Appellant timely appeals from the judgment.

### Point I: Consideration of Suspended Imposition of Sentence

■ Appellant contends the trial court erred without considering an alternative sentence that included a suspended imposition of sentence. Respondent agrees and concedes the case must be remanded for the trial court to consider the entire range of punishment at its disposal. The key issue for analysis is whether a trial court may consider a suspended imposition of sentence when a defendant is found guilty of pharmacy robbery in the first degree, pursuant to section 569.025.

### Standard of Review

■ "The interpretation of a statute is an issue of law and is therefore reviewed *de novo.*" *In re Care & Treatment of Coffman,* 225 S.W.3d 439, 442 (Mo. banc 2007). Section 569.025.3 reads in pertinent part: "Pharmacy robbery in the first degree is a class A felony, but, notwithstanding any other provision of law, a person convicted pursuant to this section shall not be eligible for suspended execution of sentence, parole or conditional release until having served a minimum of ten years of imprisonment."

■ "Courts apply certain guidelines to interpretation, sometimes called rules or canons of statutory construction, when the meaning is unclear or there is more than one possible interpretation." *State v. Rowe,* 63 S.W.3d 647, 649 (Mo. banc 2002). "When the words are clear, there is nothing to construe beyond applying the plain

---

**2.** No issues are presented here as to the armed criminal action conviction and sen-

tencing related to it.

meaning of the law." *Id.* "Courts do not have the authority to read into a statute a legislative intent that is contrary to its plain and ordinary meaning." *Id.* at 650.

## Analysis

A statute is plain and unambiguous if its terms are plain and clear to one of ordinary intelligence. *Wolff Shoe Co. v. Dir. of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988) (citing *Alheim v. F.W. Mullendore,* 714 S.W.2d 173, 176 (Mo.App. W.D. 1986)). In the present case, the words of the statute are clear and unambiguous. A person convicted of pharmacy robbery in the first degree is not eligible for suspended execution of sentence, parole or conditional release until such person has served a minimum of ten years of imprisonment. § 569.025.3.

The express language of the statute, however, does not explicitly bar a trial court from suspending the imposition of sentence. If the legislature had sought to deny a trial court the discretionary power to suspend the imposition of sentence, under section 569.025, then it could have done so. *See* §§ 566.030, 566.060, 566.151, 571.015, and 577.023 (statutes in which the legislature has expressly prohibited a sentencing court from suspending the imposition of sentencing).

Moreover, even if this court were to assume the legislature intended to bar the disposition of suspended imposition of the sentence, we cannot supply what the legislature has omitted from the statute. *Turner v. Sch. Dist. of Clayton,* 318 S.W.3d 660, 668 (Mo. banc.2010).

Under section 569.025, a sentencing court may consider suspending the imposition of sentence and place on probation a defendant who has pleaded or been found guilty of pharmacy robbery in the first degree. Appellant and Respondent explicitly agree on this issue. Here, the trial court did not consider Appellant's motion for alternative sentence because it was under the mistaken belief that it lacked such discretion. This was an erroneous assumption.

Appellant's first point on appeal is granted. The judgment of the trial court sentencing Appellant to serve ten years in prison on the count of pharmacy robbery in the first degree is reversed and remanded for re-sentencing so that the trial court may consider the entire range of punishment as to this finding only. Point I granted.[3]

### Point II: Speedy Trial Argument

Appellant contends the trial court plainly erred in deliberating nine months before rendering its decision because the Sixth and Fourteenth Amendments of the United States Constitution and article I, section 18(a) of the Missouri Constitution guarantee an accused the right to a speedy trial. Specifically, Appellant argues he was prejudiced by the nine-month delay between the one-day bench trial, and pronouncement of guilt. Conversely, the State argues the trial court did not plainly err in deliberating for nine months because Appellant was not prejudiced by such delay and, therefore, his right to a speedy trial was not violated.

### Standard of Review

Appellant concedes that he did not properly preserve this issue for appellate

---

**3.** In this decision, we do not direct the trial court as to how it is to sentence Appellant. That decision is for the trial court to make. It has the authority to reimpose the original sentence, as long as it does so with the knowledge that a suspended imposition of sentence is an authorized alternative. *See State v. Rowan,* 201 S.W.3d 82, 83–84 (Mo.App. E.D. 2006).

review. He, therefore, requests this Court to review for plain error. "Plain error review involves two steps." *State v. Drudge*, 296 S.W.3d 37, 40 (Mo.App. E.D. 2009). "First, the court must determine whether the trial court committed an evident, obvious and clear error, which affected the substantial rights of the appellant." *Id.* at 40–41. "If obvious and clear error is found in the first step of the review, the second step of plain error review requires the court to determine whether manifest injustice or a miscarriage of justice resulted therefrom." *Id.* at 41.

 The plain error rule is to be used sparingly and may not be used to justify a review of all points not preserved. *State v. Mayes*, 63 S.W.3d 615, 633 (Mo. banc 2001). Unless a claim of plain error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted, we will not exercise our discretion to review for plain error. *State v. Chaney*, 967 S.W.2d 47, 59 (Mo. banc 1998). There is no obvious and clear error here and certainly no manifest injustice or miscarriage of justice as a result.

## Analysis

██ On November 8, 2007, Appellant was arrested and charged by felony complaint. On October 16, 2008, there was a one-day bench trial and the matter was taken under advisement. On July 9, 2009, the trial court pronounced Appellant guilty. On November 13, 2009, the trial court announced its sentence and entered judgment accordingly.

Here, Appellant complains of the nine-month delay between the time of the bench trial and the time of the pronouncement of guilt.[4]

Appellant concedes the delay did not impair his defense.[5] While we do not condone the delay, there was no impairment of Appellant's defense in any way. It is difficult for this Court to find manifest injustice where Appellant's counsel, in an effort to convince the trial court of the providence of suspending the imposition of sentence, noted Appellant had received treatment for his addiction, completed classes for his GED, and taken his GED tests while he was incarcerated.

We are not prepared to find either an evident, obvious and clear error, or that Appellant suffered a manifest injustice or a miscarriage of justice, in light of the fact that Appellant did not assert his right to a speedy trial, there was a need to review three years' of medical records and business reports, and the delay did not impair Appellant's defense.

4. Appellant cites us to no authority requiring a finding in a court-tried case within a specific time. In *State v. White*, 728 S.W.2d 564 (Mo.App. W.D.1987), the court held a trial need only be commenced within a specific time period, not completed.

5. Appellant complains that he was prejudiced by the lengthy delay because he was in "legal limbo" and could not move the case along. Appellant relies on *Commonwealth of Pennsylvania v. Campbell*, 425 Pa.Super. 514, 625 A.2d 1215, 1221 (1993), for support of his assertion of prejudice. *Campbell* can be readily distinguished from the present case. In *Campbell*, the defendant was charged with making a terroristic threat in violation of a state statute. *Id.* at 1218. The defendant argued the delay of more than five months in returning a verdict violated a state rule of criminal procedure—Pa.R.Crim.P. 1122. *Id.* at 1216. Pennsylvania rule of criminal procedure 1122 mandates that in court-tried cases the verdict must be rendered within seven days after trial. *Id.* at 1220. In reversing the judgment, the court found Rule 1122 had been violated and that such violation was particularly egregious considering there was a live issue whether defendant's conduct had constituted a violation of the statute. *Id.* at 1221. Conversely, the State of Missouri does not have a similar rule of criminal procedure. Accordingly, *Campbell* is inapposite.

Appellant was not prejudiced by the delay between his trial and the finding of guilt. Appellant was not denied his constitutional right to a speedy trial. Point II is denied.

The judgment is reversed and remanded to the trial court for re-sentencing so that the trial court may consider the entire range of punishment, but is affirmed in all other respects.

SCOTT, C.J. and BATES, J., Concur.