**STATE of Missouri, Respondent,**

v.

**Tamara J. RUSSELL, Appellant.**

**No. SD 30430.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 22, 2011.

Kent Denzel, Columbia, MO, for Appellant.

Chris Koster, Attorney General and Richard A. Starnes, Assistant Attorney General, Jefferson City, MO, for Respondent.

WILLIAM W. FRANCIS, JR., Judge.

Following a bench trial, Tamara J. Russell ("Appellant") was convicted of driving while intoxicated ("DWI") in violation of section 577.010 [1] and driving while license revoked ("DWR") in violation of section 302.321. Because Appellant had two prior DWI convictions, both offenses were enhanced to class D felonies pursuant to sections 577.023 and 302.321, respectively. Appellant contests the sufficiency of the evidence to support enhancement of the offenses to Class D felonies. We affirm the trial court's judgment.

### Factual and Procedural History

We review the facts in the light most favorable to the conviction and recite them with that standard in mind. *See State v. Hill,* 890 S.W.2d 750, 751 (Mo.App. W.D. 1995).

The parties stipulated that on or about April 3, 2008, Appellant knowingly operated a vehicle "while under the influence of alcohol, in an intoxicated condition, and during a time when the [Appellant]'s operators [sic] license was revoked ..., and at a time when [Appellant] knew that her operator's license was revoked."

The State presented four exhibits detailing Appellant's prior convictions. Exhibit 2 consisted of the circuit clerk's certificate, a docket sheet, Information, and complaint and summons from a case in which Appellant was charged with a class A misdemeanor DWR in violation of 302.321, RSMo Cum.Supp.2000, on June 13, 2002, in Newton County. The docket sheet contained a July 30, 2002 entry which read, "State appears by [prosecutor], Defendant appears with attorney, Hayes. Plea bar-

gain presented & accepted. Plea of guilty. Defendant sentenced to 2 days jail—credit for time served & costs."

Exhibit 3 consisted of records in which Appellant was charged with a class B misdemeanor DWI in violation of section 577.010, on June 13, 2002, in Newton County. Exhibit 3 included the circuit clerk's certificate, a docket sheet, Information, and complaint and summons. The docket sheet contained a July 30, 2002 entry which read, "State appears by [prosecutor], Defendant appears with attorney, Hayes. Plea bargain presented & accepted. Plea of guilty. Defendant sentenced to 6 month SES 2 yr probation SATOP & VIP & [costs]."

Exhibits 4 and 5, respectively, included the circuit clerk's certificates, docket sheets, Information, "Arraignment/Judgment," and waiver of counsel from a case charging Appellant with a class B misdemeanor DWI in violation of section 577.010, and a class A misdemeanor of driving while license suspended in violation of section 302.321, on April 25, 2002, in Lawrence County. The "Arraignment/Judgment" in the DWI case indicated Appellant entered a guilty plea, the judge suspended execution of a 30–day jail sentence, placed Appellant on two years' probation, and ordered Appellant to complete a Teen Challenge Program. The "Arraignment/Judgment" in the driving while license suspended case demonstrated the entry of a guilty plea on December 2, 2002. The docket entry also showed Appellant entered a guilty plea and the trial court suspended execution of a 30–day jail sentence, among other requirements.

---

1. The version of the statute effective on the date of Appellant's April 3, 2008 DWI offense, is the applicable version of the statute for our analysis in this case. *State v. Coomer,* 888 S.W.2d 356, 358–60 (Mo.App. S.D.1994).

Therefore, all references to section 577.010 are to RSMo.2000, and references to sections 577.023 and 302.321 are to RSMo Cum.Supp. 2007, unless otherwise indicated.

Appellant objected to admission of Exhibits 2 and 3 arguing only a lack of disclosure in discovery, and to Exhibits 4 and 5 because there was no record Appellant was advised of her rights prior to waiving counsel. The exhibits were admitted into evidence over these objections.

In the pending case, Appellant testified in her own defense. Appellant admitted she pled guilty to DWR and DWI in Newton County in July 2002. She also testified to being charged with DWI in Lawrence County—and admitted to pleading guilty to the DWI and a DWR in Lawrence County—in December 2002, five months after she pled guilty to the same charges in Newton County in July 2002. Regarding her December 2002 DWI conviction, she claimed she was not represented by counsel and did not understand the consequences of her guilty plea. The State objected to Appellant's testimony regarding the advice she received from the court in December 2002, and her understanding of her guilty plea in the prior DWI proceeding on the grounds it was irrelevant. The trial court overruled the objection, but did not credit the testimony.

Appellant was found guilty of both charges. The trial court found Appellant was a "prior and persistent" offender on both charges, and sentenced Appellant to concurrent terms of three years for DWI and two years for DWR, suspended execution of those sentences, placed Appellant on supervised probation for five years, and imposed ten days' "shock time" in jail. This appeal followed.

In her first point, Appellant contends the trial court plainly erred in finding her DWI sentence could be enhanced to a class D felony because Exhibit 3, documenting one of the prior convictions used to enhance her sentence, did not contain "a judgment finding [her] guilty of that offense...." Similarly, Appellant's second point contends the trial court plainly erred in finding her DWR could be enhanced to a class D felony due to alleged deficiencies in Exhibit 3 and in proof of other DWR convictions. The determinative issue is whether the trial court plainly erred in finding the State sufficiently proved Appellant's two previous DWI convictions for enhanced punishment purposes.

## Standard of Review

■ Appellant concedes she failed to properly preserve either point for appellate review and requests plain error review under Rule 30.20.[2] Plain error review involves a two-step analysis. *State v. Drudge,* 296 S.W.3d 37, 40 (Mo.App. E.D. 2009). "First, the court must determine whether the trial court committed an evident, obvious and clear error, which affected the substantial rights of the appellant." *Id.* at 40–41. Only if this Court identifies plain error do we proceed to the second step of determining whether manifest injustice or a miscarriage of justice resulted. *Id.* at 41. "Plain error review is appropriate when there are allegations that the trial court improperly sentenced a defendant as a prior or a persistent offender." *State v. Walker,* 318 S.W.3d 789, 792 (Mo. App. E.D.2010).

## Analysis

■ Appellant does not challenge the sufficiency of evidence of her prior DWI conviction on December 2, 2002, in Lawrence County, Missouri. However, Appellant contends Exhibit 3 was insufficient to prove a second alcohol-related offense, which was required to find Appellant was a persistent offender under section 577.023.

**2.** All rule references are to Missouri Court Rules (2010).

Pursuant to section 577.023, "Any person who pleads guilty to or is found guilty of a violation of section 577.010 or 577.012 who is alleged and proved to be a persistent offender shall be guilty of a class D felony." § 577.023.3. A "persistent offender" is a "person who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses[.]" § 577.023.1(4)(a). Under section 577.023, the State need only present sufficient facts to support a finding beyond a reasonable doubt the defendant either pled guilty or was found guilty of two prior offenses. Contrary to Appellant's claim, there is no requirement that the State prove a sufficient "final judgment" for sentencing enhancement under this statute.

First, we note Appellant's claim wholly ignores Appellant's admission that she pled guilty to two prior DWI offenses, including one in July 2002 in Newton County. This Court cannot disregard such evidence.

In addition to Appellant's admission to pleading guilty, Exhibit 3 included the Information, which showed Appellant was charged with DWI in violation of section 577.010. The docket sheet also indicated the charge was DWI and established Appellant pled guilty and was sentenced to six months' imprisonment, execution of which was suspended. *See State v. Hurd,* 877 S.W.2d 644, 646 (Mo.App. W.D.1994) (finding docket sheet from previous case designating nature of offense as DWI and showing defendant pleaded guilty as persistent offender was sufficient to prove his conviction for purposes of enhanced punishment).

Considering Appellant's testimony admitting she pled guilty to DWI in July 2002 in Newton County, and the evidence of Appellant's conviction in Exhibit 3, we find no evident, obvious and clear error in the trial court's finding that Appellant was convicted of DWI on or about July 30, 2002. Thus, the trial court did not plainly err in finding the State proved the requisite intoxication-related traffic offenses to find Appellant to be a persistent offender and guilty of a class D felony. Appellant's first point is denied.

Appellant's second point similarly alleges the trial court plainly erred in finding Appellant guilty of the class D felony DWR because the evidence was insufficient to establish Appellant's DWR offense fell under any of the enhancement provisions under section 302.321. We disagree. Section 302.321.2 provides in pertinent part, "Driving while revoked is a class D felony on the second or subsequent conviction pursuant to section 577.010...." As such, our finding as to the first point—the trial court did not plainly err in finding Appellant was convicted of DWI on or about July 30, 2002—is dispositive on this point as well. Again, Appellant concedes the State proved one prior conviction for DWI and we conclude the trial court did not plainly err in finding Appellant was convicted of a second DWI. Thus, the trial court did not plainly err in finding Appellant's DWR offense was enhanced by her prior DWI offenses to a class D felony DWR under section 302.321. The second point is denied.

Accordingly, we affirm the trial court's judgment.

SCOTT, C.J., and RAHMEYER, P.J., Concur.