**STATE Of Missouri, Respondent,**

v.

**Nathaniel ROBINSON, Appellant.**

**No. ED 94593.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 29, 2011.

Gwenda Renee Robinson, Public Defender Office, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, James B. Farnsworth, Asst. Attorney General, Jefferson City, MO, for Respondent.

## OPINION

ROBERT M. CLAYTON III, Judge.

Defendant, Nathaniel Robinson, appeals from a judgment entered on a jury verdict finding him guilty of one count of first-degree involuntary manslaughter, Section 565.024, RSMo. Cum.Supp.2006,[1] and one count of abuse of a child resulting in death, Section 586.060. We affirm as modified.

### I. BACKGROUND

A jury convicted Robinson of first-degree involuntary manslaughter and abuse of a child resulting in death. The trial court found Robinson to be a prior offender and sentenced him to seven years for the manslaughter count and twenty years for the abuse of a child count, to be served concurrently. On appeal, Robinson claims the trial court erred in overruling his motion for judgment of acquittal for insufficiency of the evidence, erred in overruling his motion to dismiss, and plainly erred in finding that he was a prior offender.

In a companion memorandum, we denied the claims made in points one and two on appeal and affirm that part of the judgment constituting the conviction pursuant to Rule 30.25(b). No jurisprudential purpose would be served by a written opinion reciting detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons supporting this order.

However, for the reasons set forth herein, we agree to correct the judgment.

### II. DISCUSSION

In his third point, Robinson claims the trial court plainly erred in entering its written judgment and sentence reflecting that he is a prior offender because the State did not charge him as a prior offender in either its indictment or in any substitute or amended information. Under Section 558.016.2, "A 'prior offender' is one who has pleaded guilty to or has been found guilty of one felony."

Robinson concedes his claim was not properly preserved because he did not object and his claim was not included in his motion for new trial. *See State v. Johnson,* 220 S.W.3d 377, 383 (Mo.App. E.D. 2007). Thus, he requests plain error review under Rule 30.20.[2] "[P]lain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20.

Robinson asserts the trial court erred in sentencing him as a prior offender where there was no proper charging document asserting his prior offender status as required by Section 558.021, RSMo 2000. Section 558.021 provides, in pertinent part:

1. The court shall find the defendant to be a prior offender if:

---

1. All further statutory references are to RSMo Cum.Supp.2006.

2. All references to Rules are to Missouri Supreme Court Rules (2011).

(1) The indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender; and

(2) Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a prior offender; and

(3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender.

All the facts necessary to establish prior offender status must be pleaded, established, and found prior to submission of the case, outside the hearing of the jury. *State v. Drudge*, 296 S.W.3d 37, 41 (Mo. App. E.D.2009).

Here, the State did not allege that Robinson was a prior offender and there is nothing in the record to warrant such a finding. Thus, the trial court erred in designating Robinson as a prior offender.

To the extent the trial court's error affected Robinson's substantial rights, we note that "[t]he only legal consequence of finding prior offender status is the loss of the right to jury sentencing." *Drudge*, 296 S.W.3d at 41. In the present case, Robinson waived his right to jury sentencing prior to trial, so the erroneous designation did not deprive him of any right he wished to exercise before the trial court.

Nevertheless, we acknowledge there are other possible ramifications of being improperly classified as a prior offender, such as the possibility of it affecting future parole eligibility. *Id.* Accordingly, pursuant to Missouri Supreme Court Rule 30.23, we "dispose finally of the case" and correct the judgment and sentence to remove the prior offender classification. Point three is granted.

## III. CONCLUSION

We correct the judgment and sentence to remove the trial court's designation of Robinson as a prior offender. The judgment is affirmed as modified.

PATRICIA L. COHEN, P.J. and MARY K. HOFF, J., concur.