

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED100036 |
| | ) | |
| Plaintiff/Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Elizabeth B. Hogan |
| KEITH MASON, | ) | |
| | ) | |
| Defendant/Appellant. | ) | Filed: April 29, 2014 |

## I. Introduction

Keith Mason (Defendant) appeals his convictions of three counts of first-degree statutory sodomy, two counts of second-degree statutory sodomy, and one count of second-degree statutory rape. Defendant raises two points on appeal, challenging the trial court's decisions in (1) denying his motion to dismiss for violation of his Sixth Amendment right to a speedy trial and (2) excluding a portion of Defendant's statement referring to the victim's sexual conduct with individuals other than Defendant. We affirm.

## I. Factual Background

In August 2011, Defendant engaged in multiple acts of sexual contact with a child under fourteen years of age. Defendant's wife discovered the abuse after Y.C.,

Defendant's step-daughter, informed her of an illicit conversation Y.C. overhead between Defendant and the victim. Defendant was arrested on January 17, 2012, and charged with three counts of first-degree statutory sodomy, two counts of second-degree statutory sodomy, one count of second-degree statutory rape, and one count of first-degree statutory rape.

In April 2012, Defendant filed a motion requesting a speedy trial.[1] However, Defendant's trial date was rescheduled several times. Ten months after his arrest, Defendant moved to dismiss the charges alleging that he had been denied his Sixth Amendment right to a speedy trial. Shortly thereafter, the State requested a continuance. Instead of ruling on Defendant's motion, the trial court entered an order noting the parties' stipulation that Defendant did not consent to the State's motion to continue and that Defendant was ready for trial. Defendant's trial date was continued several more times before trial ensued on March 6, 2013, nearly 13 months after Defendant's arrest.

On the day of trial, Defendant requested a ruling on his motion to dismiss. The trial court denied the motion after taking judicial notice of the court file and noting that several continuances were attributable to Defendant. The trial court also ruled on the State's motion *in limine*, which sought to exclude part of Y.C.'s testimony regarding a statement Defendant made because a portion of the statement would violate the rape shield law. *See* § 491.015 RSMo (2000). Defendant objected, arguing that the entire statement should be admitted. The trial court sustained the State's motion.

---

[1] Defendant remained incarcerated while awaiting trial.

The jury returned a guilty verdict on three counts of first-degree statutory sodomy, two counts of second-degree statutory sodomy, and one count of second-degree statutory rape.[2] The trial court sentenced Defendant to concurrent terms of 25 years' imprisonment for each first-degree statutory sodomy conviction, 15 years' imprisonment for his second-degree statutory sodomy conviction, and 15 years' imprisonment for his second-degree statutory rape conviction. Defendant appeals.

## III. Standard of Review

This Court reviews a decision on a motion to dismiss for an abuse of discretion. *State v. Ferdinand*, 371 S.W.3d 844, 850 (Mo. App. E.D. 2012). "A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *State v. Scott*, 348 S.W.3d 788, 794 (Mo. App. S.D. 2011) (citation and quotations omitted).

We also review claims of evidentiary error for an abuse of discretion. *State v. Smith*, 314 S.W.3d 802, 807 (Mo. App. E.D. 2010). To the extent that any of Defendant's claims are unpreserved, we may review them for plain error under Supreme Court Rule 30.20. *Id*. at 811. Plain error review involves two steps. *Id*. First, we determine whether the "the trial court committed an evident, obvious and clear error, which affected the substantial rights of the appellant." *State v. Drudge*, 296 S.W.3d 37, 40-1 (Mo. App. E.D. 2009). If we conclude that obvious error occurred, then the second step is a determination whether "manifest injustice or a miscarriage of justice resulted

---

[2] The jury found Defendant not guilty of first-degree statutory rape and the trial court dismissed the charge.

3

therefrom." *Id.* at 41. We apply plain error review sparingly. *State v. Cannady*, 389 S.W.3d 306, 310 (Mo. App. S.D. 2013).

## IV. Discussion

### A. *Sixth Amendment Right to a Speedy Trial*

In his first point, Defendant asserts that the trial court's decision denying his motion to dismiss for violation of his Sixth Amendment right to a speedy trial contravenes his constitutional right because: (1) Defendant had to wait 13 months for his case to be tried; (2) his case was continued by the State or the trial court twice over objection; (3) Defendant asserted his right to a speedy trial; and (4) Defendant suffered prejudice due to severe anxiety. The State agrees that the 13-month delay was presumptively prejudicial and that Defendant timely asserted his right to a speedy trial, but asserts that the reasons for delay should be attributed to Defendant and that Defendant has not established prejudice.

The right to a speedy trial under the Sixth Amendment of the United States Constitution, which applies to the states through the Fourteenth Amendment, provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." *See Dillard v. State*, 931 S.W.2d 157, 161 (Mo. App. W.D. 1996). The Sixth Amendment right to a speedy trial protects a defendant's ability to defend against pending criminal charges, as well as the defendant's interest in avoiding oppressive pre-trial incarceration and the anxiety that pending charges cause. *Scott*, 348 S.W.3d at 794-95. Thus, the right attaches when the defendant becomes an "accused," upon either arrest or indictment. *Ferdinand*, 371 S.W.3d at 851.

4

In analyzing whether a defendant's Sixth Amendment right to a speedy trial has been violated, courts are required to balance the defendant's interests with the State's interest in the administration of justice. *Scott*, 348 S.W.3d at 795. In doing so, courts weigh four factors as set forth by the United States Supreme Court in *Barker v. Wingo*: (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) the prejudice to the defendant. 407 U.S. 514, 530 (1972). Under this test, it is not necessary to consider the last three factors unless, under the first factor, the length of the delay is presumptively prejudicial. *State ex rel. Garcia v. Goldman*, 316 S.W.3d 907, 911 (Mo. banc 2010). The test is not intended to supply "'automatic answers . . . , [but] necessarily depends upon the facts and circumstances of each case.'" *Ferdinand*, 371 S.W.3d at 851 (quoting *State v. Black*, 587 S.W.2d 865, 869 (Mo. App. E.D. 1979)).

## 1. Length of Delay

The first factor is the length of the delay. As noted, the length of the delay is measured from the date the defendant is either arrested or indicted to the date that the defendant's trial begins. Here, Defendant was arrested on January 17, 2012, and the trial began on March 6, 2013, over 13 months later. In Missouri, it is well-established that a delay of eight months or more is presumptively prejudicial. *State v. Perry*, 954 S.W.2d 554, 565-66 (Mo. App. S.D. 1997). Both parties agree that Defendant suffered a presumptively prejudicial delay. Therefore, we conclude that this factor weighs in Defendant's favor. Because the delay was presumptively prejudicial, we assess the additional *Barker* factors.

## 2. Reason For the Delay

The second factor is the reason for the delay. Because it is the State's burden to afford a defendant a speedy trial, it is incumbent upon the State to establish the reasons justifying the delay. *State v. Greenlee*, 327 S.W.3d 602, 611-12 (Mo. App. S.D. 2010). Here, Defendant argues that this factor should weigh against the State because the State or the trial court continued the case over Defendant's objection and Defendant did not contribute to any delay. Defendant explains that this case is unlike *Perry*, 954 S.W.2d at 554, where this factor weighed against the defendant who filed multiple pre-trial motions and requested continuances. In response, the State asserts that three of the five continuances are attributable to Defendant and that this factor should weigh against Defendant.

In considering this factor, Missouri courts assign different weights to different reasons for the delay depending on where the reason falls on the spectrum of acceptability. *Garcia*, 316 S.W.3d at 911. A deliberate attempt by the State to delay a trial that is designed to hinder the defense is heavily weighed against the State. *Barker*, 407 U.S. at 531. Neutral reasons for the delay are also weighed against the State, because ultimately it is the State's burden to afford a defendant a speedy trial, but such delays are weighed less heavily. *Id.* Examples include the State's negligence, overcrowded courts, or other trial court-related docket delays. *Id.*; *Greenlee*, 327 S.W.3d at 612. However, valid reasons for delay, such as a missing witness, "serve to justify appropriate delay" and are not held against the State. *Barker*, 407 U.S. at 531.

In this case, Defendant's trial date was continued a total of five times. Initially, Defendant's trial was set for May 7, 2012. On April 25, 2012, the trial court continued the case to July 2012, because it was the "cause's first appearance in Division 16." Eleven days before the July trial date, on July 12th, Defendant requested a continuance because discovery was incomplete. The trial court granted the continuance and rescheduled the trial for October 1, 2012. However, the trial did not commence on October 1st, and the trial court entered a continuance several days later, on October 4th, due to defense counsel's conflict. The trial court reset the trial date to November 26, 2012. Six days before the November trial date, the State moved for a continuance because a witness was unavailable and the prosecutor was scheduled to try a different case. Over Defendant's objection and assertion that he was ready for trial, the trial court entered the continuance and rescheduled the trial for January 22, 2013. On January 10, 2013, defense counsel requested a continuance due to defense counsel's scheduling conflict. The trial court reset the trial date for March 6, 2013 and, ultimately, the trial commenced on that date.

Three of the five continuances are clearly attributable to Defendant: The October 4th and January 10th continuances, which continued the trial date due to defense counsel's scheduling conflicts, and the July 12th continuance, which defendant requested because discovery was incomplete.[3] Thus, contrary to Defendant's assertion, this case is similar to *Perry*, 954 S.W.2d at 566, where the defendant requested multiple

---

[3] Defendant argues that the July 12th continuance should be attributed to the State because the State had not provided Defendant with discovery. The record does not support this assertion and we decline to attribute this continuance to the State.

continuances. And, while the record reflects that Defendant did not make multiple pre-trial motions like the defendant in *Perry*, this fact does not negate that three of the five continuances in this case are attributable to Defendant.

The two remaining continuances are attributable to the State. However, we weigh them lightly because the reasons for these delays are neutral and do not reflect an intent to hamper Defendant's defense. *See Greenlee*, 327 S.W.3d at 612. Mainly, the trial court initially continued the case for administrative purposes in April 2012 and the State's request for a continuance in November 2012 was due to the State's scheduling conflict and an unavailable witness. Cumulatively, the balance of the trial delays is due to Defendant's requests for continuances, not the State's conduct. "[W]here a defendant has contributed to the delay by requesting, and being granted, continuances, he cannot later successfully allege the denial of his right to a speedy trial." *Id*. "Delays attributable to the defendant weigh heavily against the defendant." *State v. Darnell*, 858 S.W.2d 739, 745 (Mo. App. W.D. 1993). Therefore, we weigh this factor heavily against Defendant.

3.  Defendant's Assertion of His Right

The third factor is when and how Defendant asserted his right to a speedy trial. *See Scott*, 348 S.W.3d at 797. A request early in the proceedings for an immediate trial reflects a desire to have a speedy trial. *Id*. Defendant points out that he requested a speedy trial in April 2012, again on October 26, 2012 when he filed a motion to dismiss for violation of his right to a speedy trial, and finally on the eve of trial when Defendant filed another motion to dismiss on the same basis. The State acknowledges Defendant's assertion of his right and concedes that this factor weighs in Defendant's favor. We do

8

not disagree. Because Defendant made a request for a speedy trial early in the proceedings, we weigh this factor for Defendant.

### 4. Prejudice

The final and most important factor is whether the delay caused Defendant any prejudice in going to trial. *State v. McKay*, 411 S.W.3d 295, 303 (Mo. App. E.D. 2013). Defendant argues that the length of the delay caused him "significant prejudice" because of the "anxiety" he suffered while awaiting trial. The State responds that Defendant has failed to provide any evidence establishing prejudice and that anxiety alone is insufficient.

"To determine whether the defendant has suffered from prejudice that would warrant dismissal for violation of the defendant's right to a speedy trial, appellate courts consider [(1)] the oppressiveness of pre-trial incarceration, [(2)] whether it unduly heightened defendant's anxiety, and [(3)] possible impairment of the defense." *Scott*, 348 S.W.3d at 797 (citation and quotations omitted). These are the considerations that the Sixth Amendment right to a speedy trial is intended to protect and must be considered together. *Barker*, 407 U.S. at 532. However, the last of the three factors, impairment of the defense, is "most vital to the analysis." *State v. Newman*, 256 S.W.3d 210, 216-17 (Mo. App. W.D. 2008) (citation omitted). "Claims of prejudice must be actual or apparent on the record, or by reasonable inference, while speculative or possible prejudice is not sufficient." *Greenlee*, 327 S.W.3d at 612-13. "The burden to present evidence of actual prejudice is on the defendant and the failure to do so weighs heavily in favor of the State." *Ferdinand*, 371 S.W.3d at 855.

9

Of the three factors, Defendant only alleges that he suffered heightened anxiety due to the length of delay. Aside from the allegations in Defendant's brief, Defendant does not support this assertion with any evidence on the record. An assertion of anxiety by itself is insufficient to establish that actual prejudice occurred absent a showing of specific instances that weighed heavily on the defendant. *Greenlee*, 327 S.W.3 at 613. Defendant has not met this burden and, indeed, we see no evidence in the record supporting Defendant's claim that he suffered increased anxiety each time his case was continued. Therefore, Defendant has not provided evidence of actual prejudice. Accordingly, we conclude that this factor weighs heavily in favor of the State.[4]

In sum, when all the *Barker* factors are weighed together, it is clear that the 13-month delay between Defendant's arrest and trial did not violate his Sixth Amendment right to a speedy trial. While the length of the delay was presumptively prejudicial and Defendant timely asserted his right, the remaining two factors, the reasons for the delay and prejudice, weigh heavily against Defendant and in favor of the State. Accordingly, it cannot be concluded that the trial court abused its discretion by denying Defendant's motion to dismiss. Point I is denied.

## B. *Rape Shield Statute*

In his second point, Defendant asserts that the trial court erred by excluding a portion of Defendant's statement, introduced via the testimony of Y.C. who overheard

---

[4] Even if Defendant's claim regarding anxiety is true, it is outweighed by the total lack of impairment to Defendant's defense. As the State points out, the record belies any indication that the delay had any prejudicial effect on Defendant's defense. Specifically, when the State requested a continuance in November 2012, Defendant asserted that he was ready for trial on that date. Nothing in the record indicates that, after that date, Defendant was unable to adequately prepare his case, *e.g.*, a delay may prejudice the defense if a witness dies, goes missing, or is unable to recall the event. *See Garcia*, 316 S.W.3d at 912.

10

Defendant make the statement to the victim, because the ruling violated the "rule of completeness."[5] Defendant asserts that he suffered prejudice as a result because he was deprived of the opportunity to challenge Y.C.'s credibility and had the jury heard the entire statement it would not have regarded the statement as believable. The State responds that this issue is not preserved and that Defendant is unable to establish plain error because the excluded testimony was inadmissible under the rape shield statute.[6]

Section 491.015, which is commonly referred to as the "rape shield" statute, "creates a presumption that evidence of a rape victim's prior sexual conduct is irrelevant." *Smith*, 314 S.W.3d at 807. Thus, the statute excludes, subject to certain limited exceptions, "opinion and reputation evidence of the complaining witness' prior sexual conduct," as well as "evidence of specific instances of the complaining witness' prior sexual conduct . . . ." § 491.015.1.[7] If a defendant seeks to offer evidence of the

---

[5] "The rule of completeness provides that where either party introduces part of an act, occurrence, or transaction, the opposing party is entitled to introduce or inquire into other parts of the whole." *State v. Johnson*, 313 S.W.3d 206, 211 (Mo. App. E.D. 2010) (citation and quotations omitted).

[6] In the argument portion of his brief, Defendant asserts that the omitted portion of the statement would not have violated the rape shield statute because it is not opinion or reputation evidence of the victim's prior sexual conduct and also that the omitted portion was admissible under the statement against interest exception to the hearsay rule. Defendant did not raise these objections before the trial court. Further, on appeal, these arguments are not encompassed by Defendant's point relied on as required by Supreme Court Rule 84.04(e). Therefore, these arguments are not preserved. *See State v. Myszka*, 963 S.W.2d 19, 24 (Mo. App. W.D. 1998); *State v. Daniel*, 103 S.W.3d 822, 824 n. 2 (Mo. App. W.D. 2003). We decline to consider them.

[7] The four statutory exceptions to the rape shield state include the following:
    (1) Evidence of the sexual conduct of the complaining witness with the defendant to prove consent where consent is a defense to the alleged crime and the evidence is reasonably contemporaneous with the date of the alleged crime; or
    (2) Evidence of specific instances of sexual activity showing alternative source or origin of semen, pregnancy or disease;
    (3) Evidence of immediate surrounding circumstances of the alleged crime; or
    (4) Evidence relating to the previous chastity of the complaining witness in cases, where, by statute, previously chaste character is required to be proved by the prosecution.
§ 491.015.1(1)-(4).

11

victim's prior sexual conduct, the statute requires the Defendant to "file with the court a written motion accompanied by an offer of proof . . . ." § 491.015.3.

During her deposition testimony, Y.C. indicated that she had overheard a conversation between Defendant and the victim. Y.C. stated, "[Defendant] was talking to [the victim] – like he was telling her it doesn't hurt – does it hurt when I do it and you feel something when I do it and not when other guys do it." Before trial, the State moved *in limine* to exclude the portion of the statement, —"and not when other guys do it"— because it would violate the rape shield law. Defendant objected on completeness grounds, asserting that the entire statement should be admitted, but the trial court sustained the State's motion. At trial, consistent with the trial court's ruling, Y.C. testified to the statement Defendant made to the victim without any reference to the "other guys." Defendant did not renew his objection to the testimony.

In order to preserve an objection for appellate review based on an issue brought in a motion *in limine*, the defendant must object at trial when the relevant evidence is presented. *State v. Beishline*, 926 S.W.2d 501, 509 (Mo. App. W.D. 1996). Issues raised in a motion *in limine* preserve nothing for appeal. *State v. Minner*, 311 S.W.3d 313, 318 (Mo. App. W.D. 2010). Defendant concedes that he did not object to Y.C.'s testimony at trial. However, he urges this Court to review the trial court's admission of the excised statement for an abuse of discretion because he raised the completeness objection in his motion for new trial. Defendant cites no authority for the proposition that his motion for new trial cured his failure to object to the testimony at trial. Therefore, our review is for plain error under Rule 30.20. *See State v. Young*, 230 S.W.3d 30, 33 (Mo. App. E.D.

2007) (plain error applies where defendant fails to make specific objections at trial and, thereafter, raises the issue in a motion for new trial).

Here, the omitted portion of the statement is easily characterized as testimony regarding the victim's prior sexual conduct. Plainly, the omitted portion refers to the victim's past sexual conduct with other "guys" and does not, on its face, fit within one of the exceptions to the rape shield statute. Indeed, Defendant never alleged that the omitted portion of the statement was admissible under any of the statutory exceptions and Defendant did not move to admit the entire statement pursuant to the procedure outlined in § 491.015.3.

Nonetheless, Defendant, relying on *State v. Marshall*, 410 S.W.3d 663 (Mo. App. S.D. 2013), asserts that the trial court erred by admitting only the excised portion of the statement. According to Defendant, the rule of completeness compels admission of the entire statement because the excluded portions of the statement are necessary to put the admitted portion in context. Defendant's reliance on *Marshall* and the rule of completeness is misguided. *Marshall* merely articulates the rule and does not apply the rule of completeness in relation to the rape shield statute. *See id*. at 672. Therefore, *Marshall* does not stand for the proposition, as Defendant's argument implies, that the rule of completeness provides an exception to the rape shield statute. "It is not the province of this court to carve out more exceptions [to the rape shield statute] than the legislature saw fit to include in the statute." *State v. Samuels*, 88 S.W.3d 71, 82 (Mo. App. W.D. 2002). Defendant's argument is nothing more than an attempt to circumvent

13

the rape shield statute in an effort to create negative inferences about the victim.[8]

Accordingly, the trial court made no error, plain or otherwise, by excluding the portion of

Defendant's statement. Point II is denied.

### V. Conclusion

The judgment of the trial court is affirmed.

_____

Philip M. Hess, Judge

Lisa Van Amburg, P.J. and
Patricia L. Cohen., J. concur.

---

[8] Defendant also claims that the State "opened the door" to the admission of the entire statement by eliciting testimony from the victim that put her chastity at issue. Defendant cites no authority in support of this argument. Therefore, we deem it abandoned. *Sapp v. State*, 22 S.W.3d 746, 747 (Mo. App. W.D. 2000).

14